# EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*



**FILED**

JAN 30 2014

ALEX CALVO, CLERK
BY JUSTIN BROWN
DEPUTY, SANTA CRUZ COUNTY

**NOTICE TO DEFENDANT:** LINCOLN PROPERTY COMPANY, a
*(AVISO AL DEMANDADO):* corporation d/b/a LINCOLN
MILITARY HOUSING; JARSCO UTILITIES, INC., a
corporation; BI-STATE PROPANE, a corporation; GENERAL
ELECTRIC COMPANY, a corporation; and DOES 1 through
50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** CELESTE WESTBY,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individually; THOR
WESTBY, individually; TALON WESTBY, a minor by and
through his Guardian Ad Litem CELESTE WESTBY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER** *(Número del Caso):* CV 178 586

SANTA CRUZ COUNTY SUPERIOR COURT
701 Ocean Street
701 Ocean Street
Santa Cruz, CA 95060

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ARA JABAGCHOURIAN (SBN 205777)          650-697-6000          650-697-0577
ALEXANDRA A. HAMILTON (SBN 280834)
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road, Suite 200, Burlingame, CA 94010

DATE: JAN 30 2014          ALEX CALVO          Clerk, by _____ JUSTIN BROWN _____ , Deputy
*(Fecha)*                                      *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☒ as the person sued under the fictitious name of *(specify):* Lincoln Military Housing
3. ☒ on behalf of *(specify):* Lincoln Property Company, a corporation

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1



1 | ARA JABAGCHOURIAN (SBN 205777)
ajabagchourian@cpmlegal.com
2 | ALEXANDRA A. HAMILTON (SBN 280834)
ahamilton@cpmlegal.com
3 | COTCHETT, PITRE & McCARTHY, LLP
San Francisco Airport Office Center
4 | 840 Malcolm Road
Burlingame, CA 94010
5 | Telephone: 650) 697-6000
Facsimile: (650) 697-0577
6
CHRISTOPHER G. PAULOS (SBN 272750)
7 | chpaulos@levinlaw.com
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
8 | RAFFERTY & PROCTOR, P.A.
316 S. Baylen St., Suite 600
9 | Pensacola, Florida 32502
Telephone: 850-435-7067
10 | Facsimile: 850-436-6066

11 | *Attorneys for Plaintiffs*

**F I L E D**

JAN 30 2014

ALEX CALVO, CLERK
BY JUSTIN BROWN
DEPUTY, SANTA CRUZ COUNTY

12 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

13 | IN AND FOR THE COUNTY OF SANTA CRUZ COUNTY

14 | CELESTE WESTBY, individually; THOR
WESTBY, individually; TALON
15 | WESTBY, a minor by and through his
Guardian Ad Litem CELESTE WESTBY,

16 | Plaintiffs,

17 | v.

18 | LINCOLN PROPERTY COMPANY, a
19 | corporation d/b/a LINCOLN MILITARY
HOUSING; JARSCO UTILITIES, INC., a
20 | corporation; BI-STATE PROPANE, a
corporation; GENERAL ELECTRIC
21 | COMPANY, a corporation; and DOES 1
through 50, inclusive,

22 | Defendants.

CASE NO. __CV 178 586__

COMPLAINT FOR:

1) PREMISES LIABILITY

2) NEGLIGENCE

3) RES IPSA LOQUITUR

4) PRODUCT LIABILITY
(NEGLIGENCE)

5) PRODUCT LIABILITY
(STRICT LIABILITY)

6) BREACH OF EXPRESS
WARRANTY

7) BREACH OF IMPLIED
WARRANTY
(PARTICULAR PURPOSE)

8) BREACH OF IMPLIED
WARRANTY
(MERCHANTABILITY)

(continued next page)

COMPLAINT

⊕
LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

9)      PRIVATE NUISANCE

10)     TRESPASS

11)     LOSS OF CONSORTIUM

JURY TRIAL DEMANDED

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

COMPLAINT

# TABLE OF CONTENTS

Page

I.    INTRODUCTION .......................................................................................................... 1

II.   JURISDICTION AND VENUE ..................................................................................... 3

III.  PARTIES ...................................................................................................................... 3

      A.    Plaintiffs ............................................................................................................ 3

      B.    Defendants ......................................................................................................... 4

      C.    Other Defendants .............................................................................................. 5

      D.    Agency & Concert of Action ............................................................................ 5

IV.   FACTUAL BASIS FOR THE CLAIMS ASSERTED .................................................. 6

V.    CAUSES OF ACTION ................................................................................................. 9

FIRST CAUSE OF ACTION
(Premises Liability)
(Plaintiffs Celeste, Thor, and Talon Westby Against Defendant Lincoln Housing
Company and Does 1-50) ........................................................................................................ 9

SECOND CAUSE OF ACTION
(Negligence)
(Plaintiffs Celeste, Thor, and Talon Westby Against All Defendants) ...................................... 11

THIRD CAUSE OF ACTION
(Res Ipsa Loquitur)
(Plaintiffs Celeste, Thor, and Talon Westby Against All Defendants) ...................................... 16

FOURTH CAUSE OF ACTION
(Products Liability - Negligence)
(Plaintiffs Celeste, Thor, and Talon Westby Against JARSCO, Bi-State,
General Electric, and Does 1-50) ............................................................................................ 16

FIFTH CAUSE OF ACTION
(Products Liability – Strict Liability)
(Plaintiffs Celeste, Thor, and Talon Westby Against JARSCO, Bi-State,
General Electric, and Does 1-50) ............................................................................................ 18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

⊕
LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

COMPLAINT

SIXTH CAUSE OF ACTION
(Breach of Express Warranty)
(Plaintiffs Celeste, Thor, and Talon Westby Against Defendants JARSCO, Bi-State,
General Electric, and Does 1-50)........................................................................................... 21

SEVENTH CAUSE OF ACTION
(Breach of Implied Warranty for a Particular Purpose)
(Plaintiffs Celeste, Thor, and Talon Westby Against Defendants JARSCO, Bi-State,
General Electric and Does 1-50)............................................................................................. 22

EIGHTH CAUSE OF ACTION
(Breach of Implied Warranty of Merchantability)
(Plaintiffs Celeste, Thor, and Talon Westby Against Defendants JARSCO, Bi-State,
General Electric, and Does 1-50).............................................................................................. 24

NINTH CAUSE OF ACTION
(Private Nuisance)
(Plaintiffs Celeste, Thor, and Talon Westby Against All Defendants)....................................... 26

TENTH CAUSE OF ACTION
(Trespass)
(Plaintiffs Celeste, Thor, and Talon Westby Against All Defendants)....................................... 27

ELEVENTH CAUSE OF ACTION
(Loss of Consortium)
(Plaintiff Thor Against All Defendants) .................................................................................... 27

VI.    PRAYER FOR RELIEF ..................................................................................................... 28

VII.   JURY DEMAND ............................................................................................................... 28

COMPLAINT

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

1    Plaintiffs in the above captioned matter hereby complain of the Defendants named
2   hereinabove, including Defendants currently identified as "DOES" whose true names are
3   presently unknown to Plaintiffs, as follows:

4   I.    INTRODUCTION

5       1.    This action arises out of the terrifying and disastrous propane explosion that
6   occurred at approximately 9:00 p.m. on February 3, 2012, at 702A Champagne Avenue,
7   Coleville, California ("702A") in the Department of the Navy Coleville Military Family Housing
8   Complex managed, controlled, and operated by LINCOLN PROPERTY COMPANY d/b/a
9   LINCOLN MILITARY HOUSING, a non-governmental entity ("Coleville Housing Complex").
10  The explosion occurred as a result of a large build-up of propane gas in the residence that ignited
11  upon meeting an ignition source. The large explosion completely destroyed one half of the
12  duplex, occupied by CELESTE WESTBY ("CELESTE"), THOR WESTBY ("THOR"), and ten-
13  year-old TALON WESTBY ("TALON") (collectively "WESTBY FAMILY"), causing severe
14  physical, emotional, mental, and pecuniary damages to them. The explosion was so massive that
15  it severely damaged approximately thirty homes surrounding the blast site and registered on local
16  seismographs.

17      2.    The Defendants blatantly disregarded the life and safety of Plaintiffs CELESTE,
18  THOR, and TALON, who placed their trust in the integrity of the safety of the residential
19  structure they called home and the products, equipment, and instrumentalities inside the structure
20  as well as at the Coleville Housing Complex. As a result of their misplaced trust, Plaintiffs
21  suffered excruciatingly painful and permanent life threatening injuries, as well as displacement,
22  fear, emotional and mental trauma, and the loss of their most valuable possessions.

23      3.    The explosion destroyed the home and possessions of the WESTBY FAMILY,
24  causing incalculable grief and agony due to the negligent, careless, reckless, and/or unlawful
25  actions and/or omissions of Defendants, and each of them. The subject explosion and fire were
26  caused by dangerous conditions created, maintained, and/or ignored by Defendants:

27          (A)    Defendant LINCOLN PROPERTY COMPANY, who failed to properly
28                 inspect, maintain and safeguard the property from foreseeable dangers;

®
LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

COMPLAINT                                                                              1

(B)    Defendant BI-STATE PROPANE, who possessed, sold and distributed the propane gas, and filled and inspected the propane tanks that supplied the propane gas that fueled the explosion;

(C)    Defendant JARSCO UTILITIES, INC., who negligently designed, installed, financed, repaired, upgraded, maintained, and/or inspected the propane distribution system so as to create a dangerous condition;

(D)    Defendant GENERAL ELECTRIC, who negligently designed, manufactured, tested, installed, repaired, maintained, inspected, and/or introduced into the stream of commerce the gas-powered stove so as to create a dangerous condition; and

(E)    Defendant DOES 1-50, who:

    i.    negligently designed, manufactured, tested, installed, repaired, maintained, inspected, and/or introduced into the stream of commerce the individual components of the Coleville Housing Complex propane gas system, including the gas product itself;

    ii.    negligently designed, manufactured, tested, installed, repaired, maintained, inspected, and/or introduced into the stream of commerce the home fire suppression systems, or any component thereof, used at the Coleville Housing Complex;

    iii.    negligently designed, manufactured, tested, installed, repaired, maintained, inspected, and/or introduced into the stream of commerce the gas-powered appliances, or any component thereof, located at 702A Champagne Avenue, Coleville, California;

    iv.    negligently performed construction, maintenance and/or repair work within the Coleville Housing Complex, thereby damaging or affecting the Coleville Housing Complex propane gas distribution system;

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

1          and thereby creating an unreasonably dangerous condition and causing the

2          massive February 3, 2012 propane explosion that resulted in severe

3          physical and pecuniary injuries to the WESTBY FAMILY.

4   II.     JURISDICTION AND VENUE

5       4.     This Court has personal jurisdiction over Defendant JARSCO UTILITIES, INC.

6  because it is headquartered and does business in the County of Santa Cruz, California.

7       5.     This Court has further personal jurisdiction over Defendant LINCOLN

8  PROPERTY COMPANY because it has done and continues to do significant business in

9  California so as to render the exercise of jurisdiction over it by the California courts consistent

10  with traditional notions of fair play and substantial justice.

11       6.     This Court has further personal jurisdiction over BI-STATE PROPANE because

12  it has done and continues to do significant business in California so as to render the exercise of

13  jurisdiction over it by the California courts consistent with traditional notions of fair play and

14  substantial justice.

15       7.     This Court has further personal jurisdiction over GENERAL ELECTRIC

16  COMPANY because it was, and continues to be, registered with the California Secretary of State

17  and is authorized to transact business in California.

18       8.     Venue is proper in the County of Santa Cruz pursuant to California Code of Civil

19  Procedure § 395 and because Defendant JARSCO UTILITIES, INC. resides, is headquartered,

20  and does significant business in the County of Santa Cruz, California.  The amount in

21  controversy exceeds the jurisdictional minimum of this court.

22   III.   PARTIES

23       A.    Plaintiffs

24       9.     Plaintiff CELESTE WESTBY (hereinafter "CELESTE") is a natural person who

25  is a resident of Sacramento, California, and at all times mentioned in this complaint resided at

26  702A Champagne Avenue in Coleville, California.

27

28

1      10.    Plaintiff **THOR WESTBY** (hereinafter "THOR") is a natural person who is a

2   resident of Las Vegas, Nevada, and at all times mentioned in this complaint resided at 702A

3   Champagne Avenue in Coleville, California.

4      11.    Plaintiff **TALON WESTBY** (hereinafter "TALON"), a ten-year-old minor, by

5   and through his Guardian ad Litem and parent CELESTE, is a natural person who is a resident of

6   Sacramento, California, and at all times mentioned in this complaint resided at 702A Champagne

7   Avenue in Coleville, California.

8      B.    Defendants

9      12.    Plaintiffs are informed and believe, and thereon allege, that Defendant **JARSCO**

10   **UTILITIES, INC.** (hereinafter "JARSCO") was, at all relevant times mentioned, a corporation

11   headquartered in Santa Cruz, California.   Plaintiffs are informed and believe, and thereon

12   allege, that at all times herein mentioned, Defendant JARSCO, and/or their servants, agents,

13   representatives, employees, and/or joint venturers, designed, installed, financed, inspected,

14   maintained, and/or repaired the propane distribution system at the Coleville Housing Complex.

15      13.    Plaintiffs are informed and believe, and thereon allege, that Defendant **BI-**

16   **STATE PROPANE, INC.** (hereinafter "BI-STATE") was, at all relevant times mentioned, a

17   corporation headquartered in Fallon, Nevada.  Plaintiffs are informed and believe, and thereon

18   allege, that at all times herein mentioned, Defendant BI-STATE, and/or their servants, agents,

19   representatives, employees, and/or joint venturers, designed, installed, financed, inspected,

20   maintained, marketed, distributed, delivered and/or repaired the propane gas, and gas distribution

21   system, at the Coleville Housing Complex.

22      14.    Plaintiffs are informed and believe, and thereon allege, that Defendant

23   **GENERAL ELECTRIC COMPANY** (hereinafter "GENERAL ELECTRIC") was, at all

24   relevant times mentioned, a corporation headquartered in Schenectady, New York.  Since 1892,

25   General Electric Company has been registered with the California Secretary of State.  Plaintiffs

26   are informed and believe, and thereon allege, that at all times herein mentioned, Defendant

27   GENERAL ELECTRIC, and/or their servants, agents, representatives, employees, and/or joint

28   venturers, designed, manufactured, tested, installed, repaired, maintained, inspected, and/or

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

1  introduced into the stream of commerce the four burner, gas-powered stove in 702A Champagne

2  Avenue at the Coleville Housing Complex.

3        15.    Plaintiffs are informed and believe, and thereon allege, that Defendant

4  **LINCOLN PROPERTY COMPANY d/b/a LINCOLN MILITARY HOUSING** (hereinafter

5  "LINCOLN") was, at all relevant times mentioned, a non-governmental corporation

6  headquartered in Dallas, Texas.   Defendant has sufficient contacts with California in order to

7  render the exercise of jurisdiction by this Court over them permissible under traditional notions

8  of fair play and substantial justice. Defendant has substantial business operations in California.

9  Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned,

10  Defendant LINCOLN, and/or their servants, agents, representatives, employees, and/or joint

11  venturers, owned, operated, managed, and maintained the Coleville Housing Complex where the

12  horrific explosion occurred.

13        C.    **Other Defendants**

14        16.    The true names and capacities, whether individual, corporate, associate or

15  otherwise of the Defendants DOES 1 through DOES 50, inclusive, are presently unknown to

16  Plaintiffs who therefore sue said Defendants by such fictitious names pursuant to Code of Civil

17  Procedure § 474. Wherever in this Complaint it refers to "Defendants," such reference shall

18  include each expressly named Defendant and Defendants DOES 1 through DOES 50.

19        17.    Plaintiffs further allege that each of said fictitious Defendants is in some manner

20  responsible for the acts and occurrences hereinafter set forth. Plaintiffs will amend this

21  Complaint to show their true names and capacities when the same are ascertained, as well as the

22  manner in which each fictitious Defendant is responsible.

23        D.    **Agency & Concert of Action**

24        18.    At all times herein mentioned, Defendants, and each of them, hereinabove, were

25  the agents, servants, employees, partners, aiders and abettors, co-conspirators, and/or joint

26  venturers of each of the other Defendants named herein and were at all times operating and

27  acting within the purpose and scope of said agency, service, employment, partnership, enterprise,

28  conspiracy, and/or joint venture, and each Defendant has ratified and approved the acts of each

⊕
LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

COMPLAINT                                                                                                5

1   of the remaining Defendants. Each of the Defendants aided and abetted, encouraged, and

2   rendered substantial assistance to the other Defendants in breaching their obligations to

3   Plaintiffs, as alleged herein. In taking action to aid and abet and substantially assist the

4   commission of these wrongful acts and other wrongdoings complained of, as alleged herein, each

5   of the Defendants acted with an awareness of his/her/its primary wrongdoing and realized that

6   his/her/its conduct would substantially assist the accomplishment of the wrongful conduct,

7   wrongful goals, and wrongdoing.

8   IV.     FACTUAL BASIS FOR THE CLAIMS ASSERTED

9         19.     On Friday, February 3, 2012 at approximately 9:00 p.m., the residents of 702A

10   Champagne Avenue in Coleville, California were engulfed in a massive explosion and fireball

11   that transformed the quiet neighborhood into a war zone.

12         20.     At that time, a large build-up of propane gas in 702A Champagne was ignited,

13   upon meeting an ignition source. The ensuing inferno shot twenty foot flames into the air as

14   emergency responders battled to extinguish the fire for approximately four hours. Although the

15   WESTBY family had not smelled gas prior to the explosion, emergency responders on the scene

16   reported the smell of propane as they dug through the wreckage.

17         21.     The large explosion completely destroyed 702A Champagne occupied by the

18   WESTBY FAMILY. In addition, it substantially destroyed the other half of the duplex, killing

19   its occupant Mrs. Lori Hardin. The explosion severely damaged approximately thirty homes

20   surrounding the blast site.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28





22.    Emergency responders found thirty-nine-year-old CELESTE in the back of the residence near the utility room. As a result of the explosion and fire, CELESTE suffered serious and life threatening injuries, including but not limited to extensive and permanent burn and inhalation injuries with physical scarring and disfigurement.

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

23.    Thirty-six-year-old THOR was sitting on the couch in the living room of 702A Champagne when the explosion occurred, covering him with debris. Emergency responders found THOR in the living room after the explosion. THOR suffered severe physical and emotional injuries as a result of the explosion and fire.

24.    TALON, age ten, was visiting a neighbor's house at the time of the explosion and was present at the scene of the incident. TALON helplessly watched the rescue efforts as they ensued. TALON has suffered serious and ongoing psychological and emotional distress.

25.    Prior to the explosion and fire, Defendant JARSCO, and/or their servants, agents, representatives, employees, and/or joint venturers, unlawfully, wrongfully, recklessly and/or negligently maintained the propane storage and delivery systems at the Coleville Housing Complex so as to prevent the detection of a propane gas leak and to cause a propane leak to permeate 702A Champagne with highly combustible gas, endangering the health and safety of the WESTBY family. At no time did Defendant notify, warn and/or inform the WESTBY FAMILY of the danger despite Defendant's actual and/or constructive notice of the dangerous condition.

26.    Prior to the explosion and fire, Defendant BI-STATE and/or their servants, agents, representatives, employees, and/or joint venturers, unlawfully, wrongfully, recklessly and/or negligently maintained, supplied and delivered the propane gas used at the Coleville Housing Complex so as prevent the detection of a propane gas leak and to cause a propane leak to permeate 702A Champagne with highly combustible gas, endangering the health and safety of the WESTBY family. At no time did Defendant notify, warn and/or inform the WESTBY FAMILY of the danger despite Defendant's actual and/or constructive notice of the dangerous condition.

27.    Prior to the explosion and fire, Defendant LINCOLN, and/or their servants, agents, representatives, employees, and/or joint venturers, unlawfully, wrongfully, recklessly and/or negligently maintained the Coleville Housing Complex so as to prevent the detection of a propane gas leak and to cause a propane leak to permeate 702A Champagne with highly combustible gas, endangering the health and safety of the WESTBY family. At no time did

⊕
LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

COMPLAINT                                                                                                8

1   Defendant notify, warn and/or inform the WESTBY FAMILY of the danger despite Defendant's

2   actual and/or constructive notice of the dangerous condition.

3      28.    Prior to the explosion and fire, Defendant GENERAL ELCETRIC, and/or their

4   servants, agents, representatives, employees, and/or joint venturers, unlawfully, wrongfully,

5   recklessly and/or negligently designed, tested, manufactured, installing, repaired, maintained,

6   inspected, and/or introduced into the stream of commerce the gas-powered stove so as to cause a

7   propane leak to permeate 702A Champagne with highly combustible gas and prevent detection

8   thereof, endangering the health and safety of the WESTBY FAMILY. At no time did Defendant

9   notify, warn and/or inform the WESTBY FAMILY of the danger despite Defendant's actual

10  and/or constructive notice of the dangerous condition.

11     29.    Prior to the explosion and fire, Defendants DOES 1-50, and/or their servants,

12  agents, representatives, employees, and/or joint venturers, unlawfully, wrongfully, recklessly

13  and/or negligently performed construction, repair, and/or maintenance work at the Coleville

14  Housing Complex and/or 702A, including but not limited to, the fire suppression systems in the

15  attic of 702A so as to cause a propane leak to permeate 702A Champagne with highly

16  combustible gas and to prevent the detection of a propane gas, endangering the health and safety

17  of the WESTBY family. At no time did Defendants notify, warn and/or inform the WESTBY

18  FAMILY of the danger despite Defendants' actual and/or constructive notice of the dangerous

19  condition.

20  V.    **CAUSES OF ACTION**

21                        **FIRST CAUSE OF ACTION**

22                            (Premises Liability)
                  (Plaintiffs Celeste, Thor, and Talon Westby
23          Against Defendant Lincoln Housing Company and Does 1-50)

24     30.    Plaintiffs hereby reallege and incorporate by reference each and every paragraph

25  above as though fully set forth herein.

26     31.    Plaintiffs, at all times herein mentioned, were lawfully on the premises as tenants

27  of 702A Champagne, Coleville, California.

28

32.     Plaintiffs are informed and believe, and thereon allege, that at the time of the subject explosion and fire, Defendant LINCOLN owned, operated, managed, and/or maintained the Coleville Housing Complex, including 702A.

33.     In connection with its ownership, development, operation, use, maintenance, repair, design, construction, management, and/or control of 702A, LINCOLN owed a duty of ordinary care to avoid exposing tenants and occupants of 702A, their guests or invitees, including Plaintiffs, to an unreasonable risk of harm, created by natural and/or artificial conditions existing and/or created on the premises.

34.     Plaintiffs are informed and believe, and thereon allege, that LINCOLN breached that duty by failing to exercise the responsibilities attendant to the ownership, development, operation, use, construction, inspection, management, repair, and/or maintenance of 702A.

35.     Prior to this incident, LINCOLN expressly or implicitly approved, authorized, and/or ratified the manner in which the propane storage and distribution systems at 702A Champagne Avenue, Coleville, California were maintained, which was known, or by the exercise or reasonable care should have been known, to be dangerous, thereby mandating frequent inspections, upgrades and/or maintenance of such condition at 702A Champagne Avenue, Coleville, California, to assure that 702A Champagne Avenue, Coleville, California was in a safe condition for occupants and their guests or invitees, including Plaintiffs.

36.     Plaintiffs are informed and believe and upon such basis allege, that LINCOLN negligently and/or carelessly designed, planned, repaired, constructed, supervised, cared for, controlled, inspected, failed to upgrade, and/or maintained 702A Champagne Avenue, Coleville, California where this explosion and fire occurred.  The above-described condition represented a dangerous and/or defective condition, which created a reasonably foreseeable risk of the kind of harm, injury and damage incurred by Plaintiffs.

37.     Prior to the incident herein above described, Defendants and each of them, had actual and/or constructive notice of dangerous and/or defective conditions therein and failed to warn the tenants, their guests, invitees and/or other persons within the area of such danger, or to undertake appropriate measures to implement a maintenance, upgrade or inspection program

1   which would and could have eliminated the danger and make the premises safe. Moreover,

2   Defendants were on notice of the defective condition and failed to act.

3       38.    As a direct and legal result of the wrongful acts and omissions of Defendants,

4   Plaintiffs CELESTE, THOR, and TALON were injured in their health, strength, and activity,

5   sustained injuries to their bodies and minds, all of which have caused Plaintiffs great physical,

6   mental, emotional, and nervous pain and suffering. Plaintiffs are informed and believe, and upon

7   such information and belief allege, that such injuries have resulted in debilitating injuries, all to

8   their general and special damages in a sum according to proof.

9       39.    By reason of the wrongful conduct of Defendants, Plaintiffs were required to, and

10   continue to, employ physicians and other health care providers to examine, treat, and care for

11   their injuries, and have incurred, and will continue to incur, medical and incidental expenses for

12   such examination, treatment, rehabilitation, and care in an amount according to proof.

13       40.    By further reason of the wrongful conduct of Defendants, and each of them,

14   Plaintiffs have suffered a loss of income and a loss of earning capacity in an amount according to

15   proof.

16       41.    By further reason of the wrongful conduct of Defendants, and each of them,

17   Plaintiffs suffered the loss of their personal property damaged by the explosion and fire in an

18   amount according to proof.

19       WHEREFORE, Plaintiffs pray for relief as set forth below.

20

21                             **SECOND CAUSE OF ACTION**

22                                (Negligence)
               **(Plaintiffs Celeste, Thor, and Talon Westby**

23                        **Against All Defendants)**

24       42.    Plaintiffs hereby reallege and incorporate by reference each and every paragraph

25   above as though fully set forth herein.

26       43.    At all times herein mentioned, Defendants LINCOLN, JARSCO, BI-STATE,

27   GENERAL ELECTRIC, and DOES 1 through 50 owed a duty of due care to Plaintiffs and all

28   other individuals who would foreseeably be present at the residence located at 702A and/or who

1  used the Coleville Housing Complex propane gas storage and distribution systems, and/or gas
2  appliances of 702A, and/or fire suppression systems.

3      44.     At all times herein mentioned, Plaintiffs were using the residence located 702A,
4  and/or the propane gas storage and distribution systems, and/or gas appliances of 702A, and/or
5  fire suppression systems in a reasonably foreseeable manner.

6      45.     Defendants LINCOLN, JARSCO, BI-STATE, GENERAL ELECTRIC, and
7  DOES 1 through 50 had a duty of reasonable care in supplying, installing, maintaining and/or
8  inspecting of the residence located at 702A, the propane gas storage and distribution systems, the
9  fire suppression systems, and/or the gas appliances of 702A, and all necessary parts/components
10 thereof, including, but not limited to, the four-burner gas-powered stove.

11      46.     Defendants LINCOLN, JARSCO, BI-STATE, GENERAL ELECTRIC, and
12 DOES 1 through 50 breached their aforementioned duties by:

13              (A)     Failing to detect, repair, and take appropriate safety measures to reduce or
14                      avoid the harm of the dangerous and defective conditions of the residence
15                      located 702A, the propane gas, gas storage and distribution systems, the
16                      fire suppression systems, and/or the gas appliances of 702A, and all
17                      parts/components thereof, including, but not limited to, the four-burner
18                      gas-powered stove, by either properly designing, supplying, installing,
19                      inspecting and maintaining the residence located at702A, the propane gas
20                      storage and distribution systems, and/or gas appliances of 702A, and/or
21                      fire suppression system; and

22              (B)     Failing to notify Plaintiffs and foreseeable users of the dangerous and
23                      defective conditions of the propane gas, gas storage and distribution
24                      systems, the fire suppression systems, and/or the gas appliances of 702A,
25                      and all parts/components thereof, including, but not limited to, the four-
26                      burner gas-powered stove.

27      47.     Defendant LINCOLN breached its duty of care owed to the plaintiffs by
28 negligently, carelessly, recklessly, and/or unlawfully owning, operating, and/or maintaining

COMPLAINT                                                                                    12

702A, and the propane gas, gas storage and distribution systems, the fire suppression systems, and/or the gas appliances of 702A, and all parts/components thereof, including, but not limited to, the four-burner gas-powered stove, and failed to protect their tenants, the WESTBY FAMILY, from reasonably foreseeable dangers.

48.     Defendant JARSCO breached its duty of care owed to the Plaintiffs by negligently, carelessly, recklessly, and/or unlawfully designing, installing, financing, repairing, upgrading, maintaining, and/or inspecting the propane gas storage and distribution systems so as to create a dangerous condition.

49.     Defendant BI-STATE breached its duty of care owed to the Plaintiffs by negligently, carelessly, recklessly, and/or unlawfully designing, installing, financing, repairing, upgrading, maintaining, and/or inspecting the propane gas, gas storage and distribution systems, and all parts/components thereof, so as to create a dangerous condition.

50.     Defendant GENERAL ELECTRIC breached its duty of care owed to the Plaintiffs by negligently, carelessly, recklessly, and/or unlawfully designing, manufacturing, testing, installing, repairing, maintaining,  inspecting, and/or introducing into the stream of commerce the gas-powered stove, and all parts/components thereof, so as to create a dangerous condition

51.     Defendant DOES 1 through 50, and each of them, breached their duty of care owed to the Plaintiffs by negligently, carelessly, recklessly, and/or unlawfully designing, installing, repairing, maintaining, damaging, and/or inspecting the propane gas, gas distribution and storage systems, and/or gas appliances of 702A, and/or fire suppression systems, and all parts/components thereof, creating a an unreasonably dangerous condition.

52.     Defendant DOES 1 through 50, and each of them, breached their duty of care owed to the Plaintiffs by negligently, carelessly, recklessly, and/or unlawfully designing, manufacturing, testing, installing, repairing, maintaining, inspecting, and introducing into the stream of commerce the individual components of the Coleville Housing Complex propane gas system, including the propane gas product itself.

⊕
LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

53.   DOES 1 through 50, and each of them, breached their duty of care owed to the Plaintiffs by negligently, carelessly, recklessly, and/or unlawfully designing, manufacturing, testing, installing, repairing, maintaining, inspecting and introducing into the stream of commerce the home fire suppression systems, or any part/component thereof, used at the Coleville Housing Complex.

54.   DOES 1 through 50, and each of them, breached their duty of care owed to the Plaintiffs by negligently, carelessly, recklessly, and/or unlawfully designing, manufacturing, testing, installing, repairing, maintaining, inspecting, and introducing into the stream of commerce the gas-powered appliances, or any part/component thereof, located at 702A Champagne Avenue, Coleville, California.

55.   DOES 1 through 50, and each of them, carelessly, recklessly, and/or unlawfully performed construction, maintenance, and/or repair work within the Coleville Housing Complex, thereby damaging, disturbing, and detrimentally affecting the Coleville Housing Complex propane gas storage and distribution systems, and/or gas appliances of 702A, and/or fire suppression systems, and all parts/components thereof.

56.   The Defendants' breach of their duties proximately caused the propane gas leak to occur, go undetected, eventually exploding and injuring the Plaintiffs.

57.   As a direct, proximate and legal result of the wrongful acts and omissions of Defendants, and each of them, Plaintiffs CELESTE, THOR, and TALON were injured in their health, strength, and activity, sustained injuries to their bodies and minds, all of which have caused Plaintiffs great physical, mental, emotional, and nervous pain and suffering. Plaintiffs are informed and believe, and upon such information and belief allege, that such injuries have resulted in debilitating injuries, all to their general and special damages in a sum according to proof.

58.   Plaintiff TALON was present at the scene of the incident at the time it occurred and aware of that THOR and CELESTE were being injured.

59.   Plaintiff TALON was contemporaneously aware of the explosion and of the devastating burn injuries to his parents, as he ran to his the smoldering remains and burning

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

1   debris that had, just moments before, been his childhood home. TALON watched helplessly as
2   first responders and rescue workers worked frantically to search, locate and provide aid to his
3   seriously wounded parents.

4       60.     As a direct and proximate result of said tortious acts, omissions, or conduct of
5   Defendants, and each of them, Plaintiff TALON has sustained, incurred, and is certain to sustain
6   and incur, losses, injuries, and damages (both general and special) including, but not limited to,
7   severe emotional distress, anguish, fright, horror, nervousness, grief, anxiety, worry, shock,
8   humiliation, and shame in an amount according to proof.

9       61.     By reason of the wrongful conduct of Defendants, Plaintiffs were required to, and
10  continue to, employ physicians and other health care providers to examine, treat, and care for
11  their injuries, and have incurred, and will continue to incur, medical and incidental expenses for
12  such examination, treatment, rehabilitation, and care in an amount according to proof.

13      62.     By further reason of the wrongful conduct of Defendants, and each of them,
14  Plaintiffs have suffered a loss of income and a loss of earning capacity in an amount according to
15  proof.

16      63.     By further reason of the wrongful conduct of Defendants, and each of them,
17  Plaintiffs suffered the loss of their personal property damaged by the explosion and fire in an
18  amount according to proof.

19      64.     By reason of the wrongful conduct of Defendants, Plaintiffs were required to, and
20  continue to, employ physicians and other health care providers to examine, treat, and care for
21  their injuries, and have incurred, and will continue to incur, medical and incidental expenses for
22  such examination, treatment, rehabilitation, and care in an amount according to proof.

23      65.     By further reason of the wrongful conduct of Defendants, and each of them,
24  Plaintiffs have suffered a loss of income and a loss of earning capacity in an amount according to
25  proof.

26      66.     By further reason of the wrongful conduct of Defendants, and each of them,
27  Plaintiffs suffered the loss of their personal property damaged by the explosion and fire in an
28  amount according to proof.

COMPLAINT                                                                              15

1    WHEREFORE, Plaintiffs pray for relief as set forth below.

2    ### THIRD CAUSE OF ACTION

3    (Res Ipsa Loquitur)
     (Plaintiffs Celeste, Thor, and Talon Westby
4    Against All Defendants)

5    67.    Plaintiffs reallege and incorporate by reference each and every paragraph above

6    as though fully set forth herein.

7    68.    The explosion and fire at 702A Champagne Avenue, Coleville, California, which

8    resulted in the abovementioned harm to Plaintiffs, ordinarily would not have occurred unless

9    someone was negligent.

10    69.    The explosion and fire at 702A Champagne Avenue, Coleville, California, was

11    caused by the propane gas storage and distribution systems, the fire suppression systems, and/or

12    the gas appliances of 702A including, but not limited to, the four-burner gas-powered stove,

13    which were solely in the control of Defendants, and each of them.

14    70.    The voluntary acts of Plaintiffs did not cause or contribute to the explosion and

15    fire at 702A.

16    71.    As a direct and legal cause of the wrongful conduct of Defendants, and each of

17    them, Plaintiffs suffered, and continue to suffer, the injuries and damages hereinabove set forth.

18    WHEREFORE, Plaintiffs pray for relief as set forth below.

19    ### FOURTH CAUSE OF ACTION

20    (Products Liability - Negligence)
     (Plaintiffs Celeste, Thor, and Talon Westby
21    Against JARSCO, Bi-State, General Electric, and Does 1-50)

22    72.    Plaintiffs reallege and incorporate by reference each and every paragraph above

23    as though fully set forth herein.

24    73.    At all times herein mentioned, Defendants JARSCO, BI-STATE, GENERAL

25    ELECTRIC and DOES 1 through 50 owed a duty of due care to Plaintiffs and all other

26    individuals who would foreseeably be present at the residence located at 702A and/or who used

27

28

the Coleville Housing Complex propane gas storage and distribution systems, and/or gas

appliances of 702A, and/or fire suppression system, and any part/component thereof.

74.     This duty included, but was not limited to:

    (A)     Inspecting and testing the residence located at 702A, the propane gas, gas

· storage and distribution systems, the fire suppression systems, and/or the

gas appliances of 702A including, but not limited to, the four-burner gas-

powered stove, which Defendants designed, built, installed, manufactured

and/or sold, leased or rented to Plaintiffs with that amount of care that a

reasonably careful propane gas product manufacturer, distributor, and/or

military family housing provider would use in similar circumstances in

order to detect and repair any defects of the residence, the propane gas,

gas storage and distribution systems, the fire suppression systems, and/or

the gas appliances of 702A including, but not limited to, the four-burner

gas-powered stove which would cause them to be in dangerous and

defective condition, specifically any condition that would lead to a large

leak of propane gas and subsequent explosion thereof; and

    (B)     Notifying Plaintiffs and foreseeable users after said inspections and testing

of any defect of the residence located 702A, the propane gas, gas storage

and distribution systems, the fire suppression systems, and/or the gas

appliances of 702A including, but not limited to, the four-burner gas-

powered stove which would cause them to be in dangerous and defective

condition.

75.     Defendants JARSCO, BI-STATE, GENERAL ELECTRIC, and DOES 1 through

50, and each of them, breached their duty of care by:

    (A)     Failing to detect, repair, and take appropriate safety measures to reduce or

avoid the harm of the dangerous and defective conditions of the

residence, the propane gas, gas storage and distribution systems, the fire

suppression systems, and/or the gas appliances of 702A, and any

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

1    part/component thereof, including, but not limited to, the four-burner gas-

2    powered stove, by either properly designing, supplying, installing,

3    inspecting and maintaining the residence located at 702(A), the propane

4    gas, gas storage and distribution systems, the fire suppression systems,

5    and/or the gas appliances of 702A , and any part/component thereof,

6    including, but not limited to, the four-burner gas-powered stove; and

7    (B)    Failing to notify Plaintiffs and foreseeable users of the dangerous and

8    defective conditions of the propane gas, gas storage and distribution

9    systems, the fire suppression systems, and/or the gas appliances of 702A,

10    and any part/component thereof, including, but not limited to, the four-

11    burner gas-powered stove.

12    76.    Plaintiffs are informed, believe, and thereon allege that Defendants JARSCO, BI-

13    STATE, GENERAL ELECTRIC, and DOES 1 through 50, and each of them, knew or should

14    have known about the likelihood and severity of potential harm from the dangerous and defective

15    nature of the residence located 702A, and the propane gas, gas storage and distribution systems,

16    and/or gas appliances of 702A, and/or fire suppression system, and any part/component thereof,

17    because each had sent employees and/or agents to design, install, inspect, and maintain the

18    propane gas storage and distribution systems, and/or gas appliances of 702A, and/or fire

19    suppression system, and/or provide propane gas to be used in at 702A.

20    77.    As a direct and legal cause of the wrongful conduct of Defendants, and each of

21    them, Plaintiffs suffered, and continue to suffer, the injuries and damages hereinabove set forth.

22    WHEREFORE, Plaintiffs pray for relief as set forth below.

23    ### FIFTH CAUSE OF ACTION

24    (Products Liability – Strict Liability)
      (Plaintiffs Celeste, Thor, and Talon Westby
25    Against JARSCO, Bi-State, General Electric, and Does 1-50)

26    78.    Plaintiffs hereby reallege and incorporate by reference each and every paragraph

27    above as though fully set forth herein.

28

79.     At all times mentioned, the Defendants JARSCO, BI-STATE, GENERAL ELECTRIC, and DOES 1 through 50 designed, manufactured, distributed, marketed, promoted, advertised, sold, supplied, installed, tested, repaired, and/or inspected the components used to deliver propane gas to 702A, and the components within the residence, for the purpose of placing their product in the stream of commerce.

80.     At all relevant times herein, Defendant JARSCO, BI-STATE, GENERAL ELECTRIC, and DOES 1 through 50 had an obligation to refrain from placing products in a defective condition into the stream of commerce.  Said obligation was owed to Plaintiffs as foreseeable users of the propane gas storage and distribution systems, and/or gas appliances of 702A, and/or fire suppression system.

81.     Plaintiffs were foreseeable users of the Coleville Housing Complex propane gas, gas storage and distribution systems, and/or gas appliances of 702A, and/or fire suppression system, because Defendants JARSCO, BI-STATE, GENERAL ELECTRIC, and DOES 1 through 50 were aware that their products were being sold in California, and because it is alleged on information and belief that the propane gas, gas storage and distribution systems, and/or gas appliances of 702A, and/or fire suppression system, and all components thereof, were sold directly to LINCOLN by JARSCO, BI-STATE, GENERAL ELECTRIC, and/or DOES 1 through 50.

82.     At all times herein mentioned, the Coleville Housing Complex propane gas storage and distribution systems, and/or gas appliances of 702A, and/or fire suppression system, and all parts/components thereof, as designed, manufactured and assembled by Defendants JARSCO, BI-STATE, GENERAL ELECTRIC, and DOES 1 through 50 were defective as to design, manufacture and warnings which caused it to be in a dangerous and defective condition such that it were unsafe for their intended use, to wit:

(A)     The Coleville Housing Complex propane gas, gas storage and distribution systems, and/or gas appliances of 702A, including but not limited to the four-burner gas-powered stove, and/or fire suppression system, and all parts/components thereof deviated from manufacturer specifications and

LAW OFFICES
CRITCHETT, PITRE &
McCARTHY, LLP

did not comply with the design specifications of the products

manufacturer;

(B)   The Coleville Housing Complex propane gas, gas storage and distribution systems, and/or gas appliances of 702A, including but not limited to the four-burner gas-powered stove, and/or fire suppression system, and all parts/components thereof failed to perform as safely as an ordinary consumer would expect when used in a reasonable and intended manner;

(C)   The risks of the design of the Coleville Housing Complex propane gas, gas storage and distribution systems, and/or gas appliances of 702A, including but not limited to the four-burner gas-powered stove, and/or fire suppression system, and all parts/components thereof, outweighed the benefit of their design;

(D)   The risk of the Coleville Housing Complex propane gas, gas storage and distribution systems, and/or gas appliances of 702A, including but not limited to the four-burner gas-powered stove, and/or fire suppression system, and all parts/components thereof, was not readily recognizable to an ordinary consumer, and Defendants JARSCO, BI-STATE, GENERAL ELECTRIC, and DOES 1 – 50 failed to adequately warn of such risks. Defendants JARSCO, BI-STATE, GENERAL ELECTRIC, and DOES 1 through 50 knew or should have known of such risks and owed a duty to warn Plaintiffs thereof.

83.    At all relevant times, Defendants, and each of them, knew the said products were in a defective condition as previously described, and knew that the defects would cause, and did cause, severe and/or serious injuries.

84.    As a direct and legal cause of the wrongful conduct of Defendants, and each of them, Plaintiffs suffered, and continue to suffer, the injuries and damages hereinabove set forth.

WHEREFORE, Plaintiffs pray for relief as set forth below.

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

1

2

## SIXTH CAUSE OF ACTION

3

4

(Breach of Express Warranty)
(Plaintiffs Celeste, Thor, and Talon Westby
Against Defendants JARSCO, Bi-State, General Electric, and Does 1-50)

5

85.     Plaintiffs hereby reallege and incorporate by reference each and every paragraph

above as though fully set forth herein.

6

7

86.     At all times herein mentioned, Defendants JARSCO, BI-STATE, GENERAL

8

ELECTRIC, and DOES 1 through 50 were merchants with respect to the Coleville Housing

9

Complex propane gas, gas storage and distribution systems, and/or gas appliances of 702A,

10

and/or fire suppression system, and any parts/components thereof, under Cal. Com. Code § 2104.

11

87.     At all times herein mentioned, Defendants JARSCO, BI-STATE, GENERAL

12

ELECTRIC, and DOES 1 through 50 expressly warranted to the consumers, including Plaintiffs

13

and to the general public by and through statements made by Defendants herein, its authorized

14

servants, agents, representatives, employees, and/or joint venturers, both orally and in

15

promotional materials, advertisements, publications, brochures, manuals, and/or other written

16

materials intended for consumers and/or to the general public that the aforementioned propane

17

gas, gas storage and distribution systems, and/or gas appliances, including but not limited to the

18

four-burner gas-powered stove, and/or fire suppression system was safe, effective, fit and/or

19

proper for its intended uses to be operated in residential units. Said express warranties were part

20

of the marketing and sale of the said products in that Defendants warranted the safety use of the

21

said propane gas storage and distribution systems, and/or gas appliances, and/or fire suppression

22

system for operation in residential units.

23

88.     Defendants JARSCO, BI-STATE, GENERAL ELECTRIC, and DOES 1 through

24

50 knew or should have known that aforementioned propane gas, gas storage and distribution

25

systems, and/or gas appliances, including but not limited to the four-burner gas-powered stove,

26

and/or fire suppression system were dangerous and knew or should have known all the adverse

27

effects and/or the risks associated with the defective products, equipment and/or

28

instrumentalities. At all times relevant, Defendants misled consumers, including Plaintiffs,

COMPLAINT                                                                                                    21

1   regarding the safety of the aforementioned products, equipment and/or instrumentalities.  In

2   addition, Defendants caused the safety of the said aforementioned products to be overstated to

3   Plaintiffs, misrepresented and/or failed to provide warnings which fairly and/or adequately

4   disclosed known or knowable risks associated with the aforementioned products.

5       89.    Plaintiffs are informed and believed, and thereon allege, that in the course of

6   selling the Coleville Housing Complex propane gas, gas storage and distribution systems, and/or

7   gas appliances of 702A, and/or fire suppression system, and any parts or components thereof,

8   Defendants expressly warranted that these systems appliances and their parts and components

9   were safe an free of defects, and agreed to properly design, supply, install, inspect, maintain and

10  repair any defects or dangerous conditions arising from these systems and appliances, and any

11  parts or components thereof.

12      90.    Plaintiffs relied of Defendants express warranties when choosing to live in the

13  residence at 702A, and using and relying upon the propane gas, gas appliances, and fire

14  suppression systems in the residence. The express warranties of Defendants for the Coleville

15  Housing Complex propane gas, gas storage and distribution systems, and/or gas appliances of

16  702A, and/or fire suppression system, and any parts or components thereof, were a basis of the

17  bargain for the systems, appliances, and parts and components thereof.

18      91.    As a direct and legal cause of the foregoing breach of express warranties by the

19  Defendants, and each of them, Plaintiffs suffered, and continue to suffer, the injuries and

20  damages hereinabove set forth.

21      WHEREFORE, Plaintiffs pray for relief as set forth below.

22                          **SEVENTH CAUSE OF ACTION**

23                  **(Breach of Implied Warranty for a Particular Purpose)**
                        **(Plaintiffs Celeste, Thor, and Talon Westby**
24          **Against Defendants JARSCO, Bi-State, General Electric and Does 1-50)**

25      92.    Plaintiffs hereby reallege and incorporate by reference each and every paragraph

26  above as though fully set forth herein.

27      93.    At all times herein mentioned, Defendants JARSCO, BI-STATE, GENERAL

28  ELECTRIC, and DOES 1 through 50 were merchants with respect to the Coleville Housing

⊕
LAW OFFICES
COTCHETT, PITRE &
· McCARTHY, LLP

1   Complex propane gas, gas storage and distribution systems, and/or gas appliances of 702A,

2   and/or fire suppression system, and any parts/components thereof, under Cal. Com. Code § 2104.

3       94.    At all times that Defendants JARSCO, BI-STATE, GENERAL ELECTRIC, and

4   DOES 1 through 50 manufactured, designed, promoted, distributed, installed, and/or sold the

5   aforementioned propane gas, gas storage and distribution systems, and/or gas appliances,

6   including but not limited to the four burner gas-powered stove, and/or fire suppression system,

7   Defendants had actual or constructive knowledge of the particular purpose for which the said

8   products, equipment and/or instrumentalities would be utilized by the consumers, including

9   Plaintiffs.

10       95.    At all times herein mention, and prior to installation and/or use of the propane

11   gas, gas storage and distribution systems, and/or gas appliances, and/or fire suppression system,

12   Defendants JARSCO, BI-STATE, GENERAL ELECTRIC, and DOES 1 through 50, and each of

13   them, were in the business of selling these products, equipment and/or instrumentalities and/or

14   held themselves out as having special knowledge or skill regarding these goods for residential

15   housing.

16       · 96.    At all times herein mentioned, and prior to installation and/or use of the propane

17   gas, gas storage and distribution systems, and/or gas appliances, including but not limited to the

18   four-burner gas-powered stove, and/or fire suppression system, the Defendants JARSCO, BI-

19   STATE, GENERAL ELECTRIC, and DOES 1 through 50, and each of them, impliedly

20   warranted to Plaintiff and the general public that said products, equipment and/or

21   instrumentalities were of merchantable quality and safe and/or fit for the use for which they were

22   intended.

23       97.    Plaintiff was, and is, unskilled in evaluating, testing and/or inspecting the design,

24   manufacture, installation, and safety of the aforementioned products, equipment and/or

25   instrumentalities and reasonably relied entirely on the knowledge, skill, judgment, and implied

26   warranty of the Defendants in using them in residential housing.

27       98.    The aforementioned products, equipment and/or instrumentalities were not safe

28   for their intended use, as warranted by Defendants JARSCO, BI-STATE, GENERAL

1 ELECTRIC, and DOES 1 through 50, in that they had dangerous propensities when put to their

2 intended use and would cause severe injuries to the consumer.

3 99. As a direct and legal cause of the aforementioned breach of implied warranties by

4 Defendants, and each of them, Plaintiffs suffered, and continue to suffer, the injuries and

5 damages hereinabove set forth.

6 WHEREFORE, Plaintiffs pray for relief as set forth below.

7 ## EIGHTH CAUSE OF ACTION

8 (Breach of Implied Warranty of Merchantability)
(Plaintiffs Celeste, Thor, and Talon Westby
9 Against Defendants JARSCO, Bi-State, General Electric, and Does 1-50)

10 100. Plaintiffs hereby reallege and incorporate by reference each and every paragraph

11 above as though fully set forth herein.

12 101. At all times herein mentioned, Defendants JARSCO, BI-STATE, GENERAL

13 ELECTRIC, and DOES 1 through 50 were merchants with respect to the Coleville Housing

14 Complex propane gas, gas storage and distribution systems, and/or gas appliances of 702A,

15 and/or fire suppression system, and any parts/components thereof, under Cal. Com. Code § 2104.

16 102. At all times herein mention, and prior to installation and/or use of the propane gas

17 storage and distribution systems, and/or gas appliances, and/or fire suppression system,

18 Defendants JARSCO, BI-STATE, GENERAL ELECTRIC, and DOES 1 through 50, and each of

19 them, was in the business of selling these products, equipment and/or instrumentalities and/or

20 held themselves out as having special knowledge or skill regarding these goods.

21 103. Warranties that the Coleville Housing Complex propane gas, gas storage and

22 distribution systems, and/or gas appliances of 702a, and/or fire suppression system, and any parts

23 or components thereof, were in merchantable condition was implied by law in the instant

24 transactions, pursuant to Cal. Com. Code § 2314.

25 104. At all times herein mentioned, and prior to installation and/or use of the propane

26 gas, gas storage and distribution systems, and/or gas appliances, and/or fire suppression system,

27 the Defendants JARSCO, BI-STATE, GENERAL ELECTRIC, and DOES 1 through 50, and

28

1    each of them, impliedly warranted to Plaintiff and the general public that said products,

2    equipment and/or instrumentalities were of merchantable quality and safe and/or fit for the use

3    for which they were intended.

4        105.    Plaintiff was, and is, unskilled in evaluating, testing and/or inspecting the design,

5    manufacture, installation, and safety of the aforementioned products, equipment and/or

6    instrumentalities and reasonably relied entirely on the knowledge, skill, judgment, and implied

7    warranty of the Defendants in using them.

8        106.    The aforementioned products, equipment and/or instrumentalities were neither of

9    the same quality as those generally acceptable in the trade nor of merchantable quality, as

10   warranted by Defendants JARSCO, BI-STATE, GENERAL ELECTRIC, and DOES 1 through

11   50, in that they had dangerous propensities when put to their intended use and would cause

12   severe injuries to the consumer.

13       107.    Plaintiffs were intended third-party beneficiaries of contracts between Defendants

14   and their agents; specifically, they are the intended beneficiaries of Defendants JARSCO, BI-

15   STATE, GENERAL ELECTRIC, and DOES 1 through 50's implied warranties. LINCOLN was

16   not intended to be the ultimate consumer of the defective propane gas, gas storage and

17   distribution systems, and/or gas appliances of 702A, and/or fire suppression system, and any

18   parts/components thereof; the subject goods were intended to benefit the residents of the Colville

19   Housing Complex; the ultimate consumers of these products.

20       108.    The propane gas, gas storage and distribution systems, and/or gas appliances of

21   702A, and/or fire suppression system, and any parts/components thereof were dangerous

22   instrumentalities due to the aforementioned defects and nonconformities.

23       109.    As a direct and legal cause of the wrongful conduct of Defendants, and each of

24   them, Plaintiffs suffered, and continue to suffer, the injuries and damages hereinabove set forth.

25               WHEREFORE, Plaintiffs pray for relief as set forth below.

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NINTH CAUSE OF ACTION

### (Private Nuisance)
### (Plaintiffs Celeste, Thor, and Talon Westby
### Against All Defendants)

110.   Plaintiffs hereby reallege and incorporate by reference each and every paragraph above as though fully set forth herein.

111.   Plaintiffs, at all times herein mentioned, were lawfully on the premises as tenants of 702A Champagne Avenue, Coleville, California.

112.   Defendants, by acting or failing to act, created a condition or permitted a condition to exist that was harmful to the health of the tenants, including Plaintiffs, and/or was an obstruction to the free use of the property, so as to interfere with the comfortable enjoyment of life or property.

113.   That this condition in negligently, carelessly, recklessly, and/or unlawfully upgrading, designing, installing, financing, planning, repairing, maintaining, constructing, supervising, and/or inspecting 702A, the propane gas, gas storage and distribution systems, gas appliances including but not limited to the four-burner gas-powered stove, and/or fire suppression system interfered with Plaintiffs' use or enjoyment of their home at 702A Champagne Avenue, Coleville, California.

114.   Plaintiffs did not consent to Defendants' conduct in negligently, carelessly, recklessly, and/or unlawfully upgrading, designing, installing, financing, planning, repairing, maintaining, constructing, supervising, and/or inspecting 702A, the propane gas storage and distribution systems, gas appliances including but not limited to the four-burner gas-powered stove, and/or fire suppression system.

115.   An ordinary person would reasonably be annoyed or disturbed by Defendants' conduct.

116.   As a direct and legal cause of the wrongful conduct of Defendants, and each of them, Plaintiffs suffered, and continue to suffer, the injuries and damages hereinabove set forth.

117.   The seriousness of the harm outweighs the public benefit of Defendant's conduct.

℗
LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

1   WHEREFORE, Plaintiffs pray for relief as set forth below.

2   ## TENTH CAUSE OF ACTION

3   ### (Trespass)
   ### (Plaintiffs Celeste, Thor, and Talon Westby
4   ### Against All Defendants)

5   118.   Plaintiffs hereby realiege and incorporate by reference each and every paragraph

6   above as though fully set forth herein.

7   119.   Plaintiffs, at all times herein mentioned, were lawfully on the premises as tenants

8   of 702A Champagne Avenue, Coleville, California.

9   120.   Defendants, by acting or failing to act, intentionally, recklessly, and/or negligently

10  caused gas, fire, soot, ash, toxic fumes, dangerous chemicals, and carcinogenic materials to enter

11  702A Champagne Avenue, Coleville, California.

12  121.   Plaintiffs did not give permission for this entry and/or Defendants exceeded

13  Plaintiffs' permission.

14  122.   As a direct and legal cause of the wrongful conduct of Defendants, and each of

15  them, Plaintiffs suffered, and continue to suffer, the injuries and damages hereinabove set forth.

16  WHEREFORE, Plaintiffs pray for relief as set forth below.

17  ## ELEVENTH CAUSE OF ACTION

18  ### (Loss of Consortium)
   ### (Plaintiff Thor
19  ### Against All Defendants)

20  123.   Plaintiffs hereby reallege and incorporate by reference each and every paragraph

21  above as though fully set forth herein.

22  124.   Plaintiffs CELESTE and THOR are, and at all times herein mentioned were,

23  husband and wife.

24  125.   As a further legal cause of Defendants' wrongful conduct hereinabove set forth,

25  Plaintiff CELESTE, the spouse of Plaintiff THOR, suffered serious debilitating physical and

26  emotional injuries, as described herein above.

27  126.   As a further legal cause of the injuries sustained by Plaintiff CELESTE, her

28  husband, Plaintiff THOR, has and been, and will continue to be, deprived of the consortium of

1  his wife, including the loss of the enjoyment of sexual relations and/or the loss of love,

2  companionship comfort, care, assistance, protection, affection, society, and moral support, all to

3  the detriment of CELESTE and THOR's marriage, in an amount according to proof.

4      WHEREFORE, Plaintiffs pray for relief as set forth below.

5  **VI.**    **PRAYER FOR RELIEF**

6      WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor on every

7  claim for relief set forth above and award them relief against Defendants, and each of them, as

8  hereinafter set forth below:

9      1.    For compensatory and general damages according to proof;

10      2.    For past and future medical and incidental expenses according to proof;

11      3.    For past and future loss of earnings and earning capacity according to proof;

12      4.    For loss of personal property and personal effects according to proof;

13      5.    For attorney fees and expert/consultant fees under existing law;

14      6.    For costs, of suit herein incurred;

15      7.    For pre- and post-judgment interest on all damages as allowed by the law; and

16      8.    For such other and further relief as the Court may deem just and proper.

17

18  Dated: January 30, 2014    COTCHETT, PITRE & McCARTHY, LLP

19

20      By: _____

21          ARA JABAGCHOURIAN
        *Attorneys for Plaintiff*

**VII.**    **JURY DEMAND**

22

23      Plaintiffs demand trial by jury on all issues so triable.

24  Dated: January 30, 2014    COTCHETT, PITRE & McCARTHY, LLP

25

26      By: _____

27          ARA JABAGCHOURIAN
        *Attorneys for Plaintiff*

28

COMPLAINT      28