1 **LEWIS BRISBOIS BISGAARD & SMITH LLP**
DUANE C. MUSFELT, SB# 72058
2   Email: Duane.Musfelt@lewisbrisbois.com
RALPH A. ZAPPALA, SB# 102052
3   Email: Ralph.Zappala@lewisbrisbois.com
SHAHRAM NASSI, SB# 239812
4   Email: Shahram.Nassi@lewisbrisbois.com
333 Bush Street, Suite 1100
5 San Francisco, California 94104-2872
Telephone: 415.362.2580
6 Facsimile: 415.434.0882

7 Attorneys for Defendant LINCOLN PROPERTY COMPANY
(Lincoln Property Company sued herein as Lincoln Property Company d/b/a Lincoln Military
8 Housing)

9                 UNITED STATES DISTRICT COURT

10         NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

11

| | |
|---|---|
| 12 CELESTE WESTBY, individually; THOR WESTBY, individually; TALON WESTBY, a minor by and through his Guardian *ad Litem* 13 CELESTE WESTBY, | CASE NO. 14-CV-01800 BLF **DEFENDANT LINCOLN PROPERTY COMPANY'S ANSWER TO COMPLAINT** |
| 14         Plaintiffs, | **DEMAND FOR JURY TRIAL** |
| 15     vs. | |
| 16 LINCOLN PROPERTY COMPANY, a corporation d/b/a/ LINCOLN MILITARY HOUSING; JARSCO 17 UTILITIES, INC., a corporation; BI-STATE PROPANE, a corporation; GENERAL ELECTRIC 18 COMPANY, a corporation; and DOES 1 through 50, inclusive, | |
| 19         Defendants. | |

20       Defendant LINCOLN PROPERTY COMPANY (Lincoln Property Company sued herein as

21 Lincoln Property Company d/b/a Lincoln Military Housing) ("LPC" or "Defendant") answers the

22 Complaint of CELESTE WESTBY, individually, THOR WESTBY, individually, and TALON

23 WESTBY, a minor by and through his Guardian *ad Litem* CELESTE WESTBY as follows:

24 **I.**    **INTRODUCTION**

25       1.     LPC admits that an explosion occurred at approximately 9:00 p.m., on February 3,

26 2012, at 702 A Champagne Avenue, Coleville, California, in the Department of the Navy Colville

27 military family housing complex, known as the Coleville Housing Complex, and that the explosion

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

caused damages to plaintiffs. LPC denies the Coleville Housing Complex was managed, controlled and operated by defendant d/b/a Lincoln Military Housing, and lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 1 of the complaint.

2.     Defendant lacks sufficient knowledge to admit or deny the extent of the damages suffered by Plaintiffs as alleged in paragraph 2 of the complaint and denies all of the remaining allegations therein.

3.     Defendant admits the explosion destroyed the home and possessions of the Westby family, and denies the remaining allegations in paragraph 3 of the complaint.

## II.     JURISDICTION AND VENUE

4.     Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 4 of the complaint.

5.     Defendant denies the court has personal jurisdiction over Defendant LPC.

6.     Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 6 of the complaint.

7.     Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 7 of the complaint.

8.     Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 8 of the complaint.

## III.    PARTIES

### A.     Plaintiffs

9.     Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 9 of the complaint.

10.    Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 10 of the complaint.

11.    Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 11 of the complaint.

///

///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4825-6289-4362.1                                         2                              14-CV-01800 BLF
DEFENDANT LINCOLN PROPERTY COMPANY'S ANSWER TO COMPLAINT

**B. Defendants**

12. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 12 of the complaint.

13. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 13 of the complaint.

14. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 14 of the complaint.

15. Defendant admits LPC is headquartered in Dallas, Texas, and denies the remaining allegations in paragraph 15 of the complaint.

**C. Other Defendants**

16. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 16 of the complaint.

17. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 17 of the complaint.

**D. Agency and Concert of Action**

18. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 18.

**IV. FACTUAL BASIS FOR THE CLAIMS ASSERTED**

19. Defendant admits on Friday, February 3, 2012, at approximately 9:00 p.m., there was an explosion at 702 A Champagne Avenue, in Coleville, California, and denies the remaining allegations in paragraph 19 of the complaint.

20. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 20.

21. Defendant admits an explosion destroyed 702 A Champagne Avenue, and killed Mrs. Lori Harden and denies the remaining allegations in paragraph 21 of the complaint.

22. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 22 of the complaint.

23. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 23 of the complaint.

///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

24.     Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 24 of the complaint.

25.     Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 25 of the complaint.

26.     Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 26 of the complaint.

27.     Defendant denies the allegations contained in the first sentence of paragraph 27 of the complaint, denies any knowledge of a dangerous condition and denies any duty with respect to the allegations in the second sentence of paragraph 27, and Defendant lacks sufficient knowledge to admit or deny the remaining allegations therein.

28.     Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 28 of the complaint.

29.     Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 29 of the complaint.

## V.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Premises Liability)

**(Plaintiffs Celeste, Thor and Talon Westby Against Defendant Lincoln Housing Company and Does 1-50)**

30.     Defendant hereby realleges and incorporates by reference each and every paragraph set forth above is fully set forth herein.

31.     Defendant admits that Plaintiffs were on the premises as tenants of 702 A Champagne Avenue, in Coleville, California, and denies the remaining allegations set forth in paragraph 31 of the complaint.

32.     Defendant denies the allegations contained in paragraph 32 of the complaint.

33.     Defendant denies the allegations contained in paragraph 33 of the complaint.

34.     Defendant denies the allegations contained in paragraph 34 of the complaint.

35.     Defendant denies the allegations contained in paragraph 35 of the complaint.

36.     Defendant denies the allegations contained in paragraph 36 of the complaint.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

37. Defendant denies the allegations contained in paragraph 37 of the complaint.

38. Defendant lacks sufficient knowledge to admit or deny the nature and extent of the damages alleged by Plaintiffs and Defendant denies the remaining allegations in paragraph 38 of the complaint.

39. Defendant lacks sufficient knowledge to admit or deny the nature and extent of the damages alleged by Plaintiffs and Defendant denies the remaining allegations in paragraph 39 of the complaint.

40. Defendant lacks sufficient knowledge to admit or deny the nature and extent of the damages alleged by Plaintiffs and Defendant denies the remaining allegations in paragraph 40 of the complaint.

41. Defendant lacks sufficient knowledge to admit or deny the nature and extent of the damages alleged by Plaintiffs and Defendant denies the allegations in paragraph 41 of the complaint.

## SECOND CAUSE OF ACTION
### (Negligence)

**(Plaintiffs Celeste, Thor and Talon and Westby against all Defendants)**

42. Defendant hereby realleges and incorporates by reference each and every paragraph above as though fully set forth herein.

43. Defendant denies it owed a duty of care as alleged herein by Plaintiffs and lacks sufficient knowledge to admit or deny the allegations in paragraph 43 of the complaint.

44. Defendant denies the allegations that all Plaintiffs were using the residence and/or propane gas storage system in a reasonably foreseeable manner, and lacks sufficient knowledge to admit or deny the remaining allegations therein.

45 Defendant denies the allegation against it as set forth in paragraph 45 of the complaint and lacks sufficient knowledge to admit or deny the remaining allegations therein.

46. Defendant denies the allegation against it as set forth in paragraph 46 of the complaint and lacks sufficient knowledge to admit or deny the remaining allegations therein.

47. Defendant denies the allegations contained in paragraph 47 of the complaint.

///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

48. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 48 of the complaint.

49. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 49 of the complaint.

50. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 50 of the complaint.

51. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 51 of the complaint.

52. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 52 of the complaint.

53. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 53 of the complaint.

54. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 54 the complaint.

55. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 55 of the complaint.

56. Defendant denies the allegations against it in paragraph 56 and lacks sufficient knowledge to admit or deny the remaining allegations.

57. Defendant denies the allegations against it in paragraph 57 of the complaint and lacks sufficient knowledge to admit or deny the remaining allegations therein, including the nature and extent of the damages alleged by Plaintiffs.

58. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 58 of the complaint.

59. Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 59 of the complaint.

60. Defendant denies the allegations against it in paragraph 60 of the complaint and lacks sufficient knowledge to admit or deny the remaining allegations therein, including the nature and extent of the damages alleged by Plaintiff TALON.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

61. Defendant denies the allegations against it in paragraph 61 of the complaint and lacks sufficient information to admit or deny the remaining allegations therein in, including the nature and extent of damages alleged by Plaintiffs.

62. Defendant denies the allegations against it in paragraph 62 of the complaint and lacks sufficient information to admit or deny the remaining allegations therein in, including the nature and extent of damages alleged by Plaintiffs.

63. Defendant denies the allegations against it in paragraph 63 of the complaint and lacks sufficient information to admit or deny the remaining allegations therein in, including the nature and extent of damages alleged by Plaintiffs.

64. Defendant denies the allegations against it in paragraph 64 of the complaint and lacks sufficient information to admit or deny the remaining allegations therein in, including the nature and extent of damages alleged by Plaintiffs.

65. Defendant denies the allegations against it in paragraph 65 of the complaint and lacks sufficient information to admit or deny the remaining allegations therein in, including the nature and extent of damages alleged by Plaintiffs.

66. Defendant denies the allegations it in paragraph 66 of the complaint and lacks sufficient information to admit or deny the remaining allegations therein in, including the nature and extent of damages alleged by Plaintiffs.

### THIRD CAUSE OF ACTION
### (*Res Ipsa Loquitur*)

**(Plaintiffs Celeste, Thor and Talon Westby against Jarsco, Bi-State and General Electric, and Does 1-50)**

67. Defendant realleges and incorporates by reference each and every paragraph above as though fully set forth herein.

68. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 68 of the complaint.

69. Defendant denies the allegations against it in paragraph 69 and lacks sufficient knowledge to admit or deny the remaining allegations therein.

///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

70.     Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 70 of the complaint.

71.     Defendant denies the allegations against it contained in paragraph 71 and lacks sufficient knowledge to admit or deny the remaining allegations contained therein.

## FOURTH CAUSE OF ACTION
### (Products Liability-Negligence)

**(Plaintiffs Celeste, Thor and Talon Westby against Jarsco, Bi-State, General Electric, and Does 1-50)**

72.     Defendant realleges and incorporates by reference each and every paragraph above as though fully set forth herein.

73.     Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 73 of the complaint

74.     Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 74 of the complaint.

75.     Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 75 of the complaint.

76.     Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 76 of the complaint.

77.     Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 77 of the complaint.

## FIFTH CAUSE OF ACTION
### (Products Liability-Strict Liability)

**(Plaintiffs Celeste Thor and Talon Westby Against Jarsco, Bi-State, General Electric and Does 1-50)**

78.     Defendant hereby realleges and incorporates by reference each and every paragraph above as though fully set forth herein.

79.     Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 79 of the complaint.

80.     Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 80 of the complaint.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4825-6289-4362.1                                      8                    14-CV-01800 BLF
DEFENDANT LINCOLN PROPERTY COMPANY'S ANSWER TO COMPLAINT

81.     Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 81 of the complaint

82.     Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 82 of the complaint.

83.     Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 83 of the complaint.

84.     Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 84 the complaint.

**SIXTH CAUSE OF ACTION**
**(Breach of Express Warranty)**

**(Plaintiff's Celeste, Thor and Talon Westby against Jarsco, Bi-State, General Electric, and Does 1-50)**

85.     Defendant hereby realleges and incorporates by reference each and every paragraph as though fully set forth herein.

86.     Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 86 of the complaint.

87.     Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 87 of the complaint

88.     Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 88 of the complaint.

89.     Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 89 of the complaint.

**SEVENTH CAUSE OF ACTION**
**(Breach of Implied Warranty for a Particular Purpose)**

**(Celeste, Thor and Talon Westby against Jarsco, Bi-State, General Electric, and Does 1-50)**

92.     Defendant hereby realleges and incorporates by reference each and every paragraph above as though fully set forth herein.

93.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 93 of the complaint.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1      94.    Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 94

2  the complaint.

3      95.    Defendant lacks sufficient knowledge to admit or deny the allegations  in paragraph 95

4  of the complaint.

5      96.    Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 96

6  of the complaint.

7      97.    Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 97

8  of the complaint.

9      98.    Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 98

10  of the complaint.

11      99.    Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 99

12  of the complaint.

**EIGHTH CAUSE OF ACTION**
**(Breach of Implied Warranty of Merchantability)**

**(Celeste, Thor and Talon Westby against Jarsco, Bi-State, General Electric, and Does 1-50)**

16     100.    Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 100

17  of the complaint.

18     101.    Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 101

19  of the complaint

20     102.    Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 102

21  of the complaint.

22     103.    Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 103

23  of the complaint.

24     104.    Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 104

25  of the complaint.

26     105.    Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 105

27  of the complaint.

28  ///



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1      106.    Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 106

2 of the complaint.

3      107.    Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 107

4 of the complaint.

5      108.    Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 108

6 of the complaint.

7      109.    Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 109

8 of the complaint.

**NINTH CAUSE OF ACTION**
**(Private Nuisance)**

**(Celeste, Thor and Talon Westby Against All Defendants)**

110.    Defendant hereby realleges and incorporates by reference each and every paragraph above as though fully set forth herein.

111.    Defendant admits Plaintiffs were on the premises as tenants of 702 A Champagne Avenue, Coleville, California, and denies the remaining allegations of paragraph 111 to the complaint.

112.    Defendant denies the allegations against it in paragraph 112 of the complaint and lacks sufficient knowledge to admit or deny the remaining allegations therein.

113.    Defendant denies the allegations against it in paragraph 113 of the complaint and denies the remaining allegations therein.

114.    Defendant denies the allegations against it in paragraph 114 of the complaint and lacks sufficient knowledge to admit or deny the remaining allegations therein.

115.    Defendant denies the allegation against it in paragraph 115 and lack sufficient knowledge to admit or deny the remaining allegations therein.

116.    Defendant denies the allegation against it in paragraph 116 and lacks sufficient knowledge to admit or deny the remaining allegations therein.

117.    Defendant denies allegations against it in paragraph 117 of the complaint and lacks sufficient knowledge to admit or deny the remaining allegations therein.

///



**TENTH CAUSE OF ACTION**
**(Trespass)**
**(Celeste, Thor and Talon Westby against All Defendants)**

118.  Defendant hereby realleges and incorporates by reference each and every paragraph above as though fully set forth herein.

119.  Defendant admits plaintiffs were tenants of 702 A Champagne Avenue, Coleville, California, and denies the remaining allegations in paragraph 119.

120.  Defendant denies the allegations against it in paragraph 120 and lacks sufficient knowledge to admit or deny the remaining allegations.

121.  Defendant denies the allegations against it in paragraph 121 and lacks sufficient knowledge to admit or deny the remaining allegations.

122.  Defendant denies the allegations against it in paragraph 122 and lacks sufficient knowledge to admit or deny the remaining allegations.

**ELEVENTH CAUSE OF ACTION**
**(Loss of Consortium)**

**(Plaintiff Thor against all Defendants)**

123.  Defendant hereby realleges and incorporates by reference each and every paragraph above as though fully set forth herein.

124.  Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 124.

125.  Defendant denies the allegation against it in paragraph 125 and lacks sufficient knowledge to admit or deny the remaining allegations.

126.  Defendant denies the allegations in paragraph 126 of the complaint.

**VI.   AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**
**(Indispensable Parties)**

1.  As a first and separate affirmative defense, Defendant alleges that Plaintiffs' purported claims and causes of action contained in the Complaint require for this complete adjudication the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4825-6289-4362.1                    12                    14-CV-01800 BLF
DEFENDANT LINCOLN PROPERTY COMPANY'S ANSWER TO COMPLAINT

presence of additional necessary or indispensable parties, without whom the purported claims and causes of action cannot be fully, finally and completely resolved.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Personal Jurisdiction)

2.      As a second and separate affirmative defense, the Court lacks personal jurisdiction over the Defendant.

### THIRD AFFIRMATIVE DEFENSE
### (Unclean hands; First, Second, Third, Ninth, Tenth and Eleventh Causes of Action)

3.      As a third and separate affirmative defense, Defendant alleges that adult Plaintiffs' Complaint and each and every purported claim contained therein is barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE
### (Speculative causation/damages; First, Second, Third, Ninth, Tenth and Eleventh Causes of Action)

4.      As a fourth and separate affirmative defense, Defendant alleges that Plaintiffs' claims for damages are speculative and uncertain, and therefore not recoverable in this action.

### FIFTH AFFIRMATIVE DEFENSE
### (No Causation-First, Second, Third, Ninth, Tenth and Eleventh Causes of Action)

5.      As a fifth and separate affirmative defense, Defendant alleges that the element of causation is missing and/or irreparably vague and uncertain such that the entire Complaint, and each claim alleged therein, fails to state a claim or cause of action as a matter of law. In the absence of the element of causation, Plaintiffs' claims are without merit.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate-First, Second, Third, Ninth, Tenth and Eleventh Causes of Action action)

6.      As a sixth and separate affirmative defense, Defendant alleges that Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs failed to mitigate the damages, if any, they claim to have suffered.

///

///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## SEVENTH AFFIRMATIVE DEFENSE
### (Waiver/Release; First, Second, Third, Ninth, Tenth and Eleventh Causes of Action)

7.     As a seventh and separate affirmative defense, Defendant contends that the Plaintiffs waived and/or released any and all claims it may have against Defendant.

## EIGHTH AFFIRMATIVE DEFENSE
### (Estoppel)

8.     As an eighth and separate affirmative defense, Defendant contends that adult Plaintiffs are estopped by their own acts and omissions from asserting any purported claims.

## NINTH AFFIRMATIVE DEFENSE
### (Negligence/fault of third parties-First, Second, Third, Ninth, Tenth and Eleventh Causes of Action)

9.     As a ninth and separate affirmative defense, it event that Plaintiffs suffered any damages based on the allegations of the Complaint, Defendant is informed and believes, and upon that basis alleges, that persons and /or entities other than the Defendant and for which the Defendant is not responsible or liable, were at fault in causing such alleged damages, if any, and that the fault of those persons and/ or entities proximately and legally caused and contributed to the alleged damages claimed by Plaintiffs. The fault of such other persons and/ or entities bars each Plaintiff's claims against Defendant, or, in the alternative, reduces Plaintiffs rights of recovery by that amount which said fault of other persons and/or entities contributed to the alleged damages, if any there were.

## TENTH AFFIRMATIVE DEFENSE
### (Negligence of Plaintiff; First, Second, Third, Ninth, Tenth and Eleventh Causes of Action)

10.     As a tenth and separate affirmative defense, the injuries suffered by Plaintiffs, if any, were attributable in whole or in part to adult Plaintiffs' own negligence.

## ELEVENTH AFFIRMATIVE DEFENSE
### (No Duty; First, Second, Third, Ninth, Tenth and Eleventh Causes of Action)

11.     As an eleventh and separate affirmative defense, Plaintiffs' claims are barred, in whole or in part, because Defendant owed no duty to Plaintiffs.

///

///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4825-6289-4362.1

14

14-CV-01800 BLF

DEFENDANT LINCOLN PROPERTY COMPANY'S ANSWER TO COMPLAINT

## TWELFTH AFFIRMATIVE DEFENSE
### (No Breach of Standard of Care; First, Second, Third, Ninth, Tenth and Eleventh Causes of Action)

12. As a twelfth and separate affirmative defense, Plaintiffs' claims are barred, in whole or in part, because Defendant did not breach the applicable standards of care.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Assumption of Risk; First, Second, Third, Ninth, Tenth and Eleventh Causes of Action)

13. As a thirteenth and separate affirmative defense, adult Plaintiffs' claims are barred, in whole or in part, because Plaintiffs impliedly or expressly assumed a risk of injury.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations; First, Second, Third, Ninth, Tenth and Eleventh Causes of Action)

14. As a fourteenth and separate affirmative defense, Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Several Liability; First, Second, Third, Ninth, Tenth and Eleventh Causes of Action)

15. As a fifteenth and separate affirmative defense, should Plaintiffs recover damages from Defendant, Defendant is entitled to indemnification, in whole or in part, from all persons and entities whose negligence and conduct proximately contributed to said damages, and is entitled to have the amount of damages reduced to reflect its several contribution, if any, as to said damages and pursuant to California Civil Code §1431.2, if Defendant is found in some way liable for Plaintiffs injuries or damages, Defendant is liable only for the amount of noneconomic damages in direct proportion and percentage of Defendant's fault.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Intervening/Superseding Cause; First, Second, Third, Ninth, Tenth and Eleventh Causes of Action)

16. As a sixteenth and separate affirmative defense, Plaintiffs injuries and damages, if any, were caused by intervening and superseding acts of a third party and/ or third parties, barring Plaintiff's claims and recovery against Defendant.

///

///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4825-6289-4362.1

15

14-CV-01800 BLF

DEFENDANT LINCOLN PROPERTY COMPANY'S ANSWER TO COMPLAINT

## SEVENTEENTH   AFFIRMATIVE DEFENSE
### (No claim for attorneys' fees)

17.      As a seventeenth and separate affirmative defense, Plaintiffs' claims for attorneys' fees are barred as a matter of law.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Additional defenses)

18.      As an eighteenth and separate affirmative defense, Defendant is informed and believes, and upon that basis alleges, that there may be other applicable defense is not alleged herein because of facts not yet known to Defendant.  Therefore, Defendant reserves all of its rights to supplement or amend its affirmative defenses as they become known to it.

**Wherefore,** Defendant LINCOLN PROPERTY COMPANY requests that the Court dismiss Plaintiffs' claims with prejudice, award Defendants their costs and attorneys fees, and award such other and further relief as of the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant demands trial by jury on all issues permitted by law.

Dated: April 24, 2014                LEWIS BRISBOIS BISGAARD & SMITH LLP


By:  _____*/s/ Ralph A. Zappala*_____
　　　　　Duane C. Musfelt
　　　　　Ralph A. Zappala
　　　　　Shahram Nassi
　　　　　Attorneys for Defendant
　　　　　LINCOLN PROPERTY COMPANY

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## CERTIFICATE OF SERVICE

*Westby, et al. v. Lincoln Property Company*

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 333 Bush Street, Suite 1100, San Francisco, CA 94104-2872.

On April 24, 2014, I served the following document(s):

**DEFENDANT LINCOLN PROPERTY COMPANY'S ANSWER TO COMPLAINT - DEMAND FOR JURY TRIAL**

I served the documents on the following persons at the following addresses (including fax umbers and e-mail addresses, if applicable):

### SEE ATTACHED SERVICE LIST

The documents were served by the following means:

☒ (VIA ECF) I caused the aforementioned document to be filed via the Electronic Case Filing (ECF) system in the United States District Court for the Northern District of California, on all parties registered for e-filing in Case Number Case No. 5:14-cv-01800-BLF. Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the documents upon confirmation of e-filing.

☒ (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and not registered for ECF at this time (specify one):

☒ Placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope or package with the postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 24, 2014, at San Francisco, California.


/s/ Lucia Suazo
Lucia Suazo

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | |
|---|---|
| 1 | <div align="center">**<u>SERVICE LIST</u>**</div> |
| 2 | <div align="center">***Westby, et al. vs. Lincoln Property Company, et al.***</div> |
| 3 | <div align="center">USDC – Northern District, San Jose Division, Case No. 14-CV-01800 BLF</div> |

| **<u>Attorneys for JARSCO UTILITIES, INC.</u>** | **<u>Attorneys for GENERAL ELECTRIC COMPANY</u>** |
|---|---|
| Lynne L Bentley<br>BORTON PETRINI LLP<br>95 S. Market Street, Suite 400<br>San Jose, California 95113<br>Tel.: (408) 535-0870<br>Fax: (408) 535-0878<br>lbentley@bortonpetrini.com | James M. Hanlon, Jr.<br>GLYNN & FINLEY, LLP<br>One Walnut Creek Center<br>100 Pringle Avenue, Suite 500<br>Walnut Creek, California 94596<br>Tel.: (925) 210-2800<br>Fax: (925) 945-1975<br>jhanlon@glynnfinley.com |
| **<u>Attorneys for AMERIGAS PROPANE, L.P., Successor-in-Interest to BI-STATE PROPANE</u>** | **<u>Attorneys for ABC FIRE EXTINGUISHER CO., INC. (sued herein as DOE 1)</u>** |
| Matthew C. Addison<br>Jessica L. Woelfel<br>McDONALD CARANO WILSON LLP<br>100 W. Liberty Street, Tenth Floor<br>Reno, NV 89501<br>Tel.: (775) 788-2000<br>Fax: (775) 788-2020<br>maddison@mcdonaldcarano.com<br>jwoelfel@mcdonaldcarano.com | Richard J. Finn<br>David S. Wilgus<br>Lynn V. Rivera<br>BURNHAM BROWN<br>P.O. Box 119<br>Oakland, CA 94604<br><br>1901 Harrison Street, 14th Floor<br>Oakland, CA 94612<br>Tel.: (510) 444-6800<br>Fax: (510) 835-6666<br>rfinn@burnhambrown.com<br>dwilgus@burnhambrown.com<br>lrivera@burnhambrown.com |

Line numbers: 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4825-6289-4362.1
18
14-CV-01800 BLF
DEFENDANT LINCOLN PROPERTY COMPANY'S ANSWER TO COMPLAINT