ARA JABAGCHOURIAN (SBN 205777)
ajabagchourian@cpmlegal.com
ALEXANDRA A. HAMILTON (SBN 280834)
ahamilton@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010
Telephone: 650) 697-6000
Facsimile: (650) 697-0577

CHRISTOPHER G. PAULOS (SBN 272750)
chpaulos@levinlaw.com
**LEVIN, PAPANTONIO, THOMAS, MITCHELL,
RAFFERTY & PROCTOR, P.A.**
316 S. Baylen St., Suite 600
Pensacola, Florida 32502
Telephone: 850-435-7067
Facsimile: 850-436-6066

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CELESTE WESTBY, individually; THOR WESTBY, individually; TALON WESTBY, a minor by and through his Guardian Ad Litem CELESTE WESTBY,<br><br>           Plaintiffs,<br><br>     v.<br><br>LINCOLN PROPERTY COMPANY, a corporation d/b/a LINCOLN MILITARY HOUSING; JARSCO UTILITIES, INC., a corporation; BI-STATE PROPANE, a corporation; GENERAL ELECTRIC COMPANY, a corporation; ABC FIRE EXTINGUISHER CO., INC., a corporation; CAMP PENDLETON & QUANTICO HOUSING, LLC,, a corporation; and DOES 3 through 50, inclusive,<br><br>           Defendants. | **CASE NO.:  14-CV-01800-BLF**<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS CAMP PENDLETON & QUANTICO HOUSING LLC'S AND LINCOLN PROPERTY COMPANY'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR CHANGE OF VENUE**<br><br>Date:           June 19, 2014<br>Time:          9:00 a.m.<br>Judge:         Hon. Beth L. Freeman<br>Courtroom:  3, 5th Floor |

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR CHANGE OF VENUE; CASE NO. 14-CV-01800-BLF**

## I. INTRODUCTION

This Court should deny the motion to dismiss, or in the alternative, for change of venue brought by Defendants Lincoln Property Company d.b.a Lincoln Military Housing ("Lincoln Housing") and Camp Pendleton & Quantico Housing LLC (collectively "Defendants") because (1) venue is automatically proper in the federal district court located where the state action was pending; and (2) in the alternative, Defendants have waived any objections to venue. Defendants' motion should be also be denied because Defendants fail to satisfy their factual burden under § 1404(a), and, even if Defendants had provided any supported facts, the factors for 28 U.S.C. section 1404(a) overwhelmingly support the Northern District of California over the Eastern District of California.

## II. FACTUAL BACKGROUND

This action arises out of a terrifying and disastrous propane explosion that occurred at approximately 9:00 p.m. on February 3, 2012, at 702A Champagne Avenue, Coleville, California ("702A") in the Department of the Navy Coleville Military Family Housing Complex managed, controlled, and operated by Lincoln Housing and Camp Pendleton & Quantico Housing LLC. The explosion occurred as a result of a large build-up of propane gas in the residence that ignited upon meeting an ignition source. The large explosion completely destroyed one half of the duplex, occupied by Plaintiffs, causing severe injuries to Plaintiffs.

On January 30, 2014, Plaintiffs filed their Complaint in the County of Santa Cruz. *See* Declaration of Ara Jabagchourian ("Jabagchourian Decl."), ¶ 2. On March 20, 2014, Plaintiffs filed their Second Amendment to the Complaint adding Camp Pendleton & Quantico Housing, LLC as Doe 2. *See* Jabagchourian Decl., ¶ 3.

On April 18, 2014, Defendants Camp Pendleton & Quantico Housing, LLC and Lincoln Housing removed this case to the Northern District of California. *See* Docket #1. On April 24, 2014, Defendants Camp Pendleton & Quantico Housing, LLC and Lincoln Housing filed Answers to the Complaint in the Northern District of California. *See* Docket #11, #13. On May 14, 2014, Defendants filed this motion to dismiss, or in the alternative, for change of venue. *See* Docket #20. Defendants General Electric Company and Amerigas Propane, L.P. filed joinders on

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR CHANGE OF VENUE; CASE NO. 14-CV-01800-BLF

1

May 16, 2014 and May 22, 2014, respectively.  *See* Docket #21, #23. Defendant ABC Fire Extinguisher Co., Inc. also filed a joinder on May 27, 2014.  *See* Docket #24.

### III. ARGUMENT

#### A. Defendants' Motion to Transfer Venues Fails Under 28 U.S.C. § 1391

Defendants' motion to transfer venue under 28 U.S.C. § 1391 fails as a matter of law in two respects: (1) venue is automatically proper in the federal district court located where the state action was pending; and (2) in the alternative, Defendants have waived any objections to venue.

#### 1. Removal

Defendants cannot seek to transfer this action from the Northern District when they have removed the case from Santa Cruz County to the Northern District of California.  Section 1391 does not apply to an action that has been removed from state court.  Schwarzer, et al, <u>Cal. Practice Guide: Federal Civil Procedure Before Trial</u> ¶ 2:3580 (Rutter Group 2014).  "In actions removed from state court, venue is *automatically proper* in the federal district court located where the state action was pending." *Id.* ¶ 4:394; *see also Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663 (1953); *PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.*, 138 F.3d 65, 72 (2nd Cir. 1988); *Hollis v. Florida State Univ.*, 259 F.3d 1295, 1300 (11th Cir. 2001).  Venue in the district "embracing" the state court is automatically proper even if the venue would not have been proper if the action had been initially brought in that court.  Schwarzer, *et al*, <u>Cal. Practice Guide: Federal Civil Procedure Before Trial</u> ¶ 4:394 (Rutter Group 2014).

On April 18, 2014, Camp Pendleton & Quantico Housing, LLC, with the consent of Defendants Lincoln Housing, Jarsco Utilities, Inc., General Electric Company, Amerigas, L.P., Successor-in-Interest to Bi-State Propane, and ABC Fire Extinguisher Co., Inc., removed this case to the Northern District of California.  *See* Docket #1, #2.  In Defendants' Notice of Removal, Defendants stated, "The Superior Court of the State of California, County of Santa Cruz, is located in the United States District Court for the Northern District of California.  Accordingly, this Court is the proper Court to which to remove this action." *See* Docket #1, ¶ 13.  Venue is a defendant's privilege, and Defendants exercised that privilege when Defendants chose to transfer the case to the local district court. *See Polizzi*, 345 U.S. at 665-666.  As such, Defendants' motion

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR CHANGE OF VENUE; CASE NO. 14-CV-01800-BLF

2

to transfer venue under § 1391 must be denied because the Northern District is automatically deemed proper upon removal.

### 2. Waiver

Even if the general venue statues did apply to removed actions, Defendants would be barred from asserting improper venue because Defendants have waived any objections under 28 U.S.C. section 1391. Venue transfers are waived absent "timely and sufficient objection" by the defendant. 28 U.S.C. § 1406(b). In order to be timely, a defendant must raise its objection in its initial responsive pleading or in a Rule 12(b) motion before answering. *Leonard v. Mylan, Inc.*, 718 F. Supp. 2d 741, 744 (S.D.W. Va. 2010) ("Rule 12(b)(3) of the Federal Rules of Civil Procedure, however, provides that objection to improper venue is an affirmative defense that is waived if it is not made before or with a responsive pleading. So failure to timely seek transfer under § 1406(a) constitutes waiver."); FED. R. CIV. P. 12(b). Any objection to venue is waived if not asserted before the expiration of the 21-day period allowed by Rule 12(a). FED. R. CIV. P. 12(a).

Defendants did not file Rule 12(b)(3) motions asserting improper venue. *See* Jabagchourian Decl., ¶ 4. On April 18, 2014, Defendant Camp Pendleton & Quantico Housing, LLC removed this action to the Northern District of California and Defendant Lincoln Housing joined the removal. *See* Docket #1. Then on April 24, 2014, Defendants Camp Pendleton & Quantico Housing, LLC and Lincoln Housing filed answers to the Complaint in the Northern District of California. *See* Docket #11, #13. At no point in the answers do Defendants raise improper venue. *Id.* Since Defendants did not assert objections to venue in their initial responsive pleadings or in Rule 12(b) motions before answering Plaintiffs' Complaint, Defendants have waived any objections to the Northern District of California as the proper venue for this action.

### B. Defendants Have Failed to Satisfy Transfer Under 28 U.S.C. § 1404(a)

Since, as a matter of law, Defendants' motion to dismiss or transfer the case under Section 1391 cannot succeed, Defendants' only option is to demonstrate that the action must be

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR CHANGE OF VENUE; CASE NO. 14-CV-01800-BLF    3

1 | transferred under 28 U.S.C. section 1404(a).  However, Defendants fail to satisfy their factual
2 | burden under Section 1404(a).

### 1. Defendants Have Burden to Demonstrate Convenience

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  However, a plaintiff's choice of forum is accorded substantial weight in proceedings under Section 1404(a), and courts will only grant transfer when the factors for convenience and justice **strongly favor** another forum over plaintiff's choice forum.  Schwarzer, et al, Cal. Practice Guide: Federal Civil Procedure Before Trial ¶ 4:760 (Rutter Group 2014); *Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985) ("[U]nless the balance of factors is **strongly in favor** of the defendants, the plaintiff's choice of forum should rarely be disturbed."(emphasis added)); *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) ("[A] plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and [plaintiff's] choice '... should not be lightly disturbed.'").

Defendants have the burden to demonstrate that convenience and justice strongly favor transfer to another venue.  *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *Martensen v. Koch*, 942 F. Supp. 2d 983, 999 (ND Cal. 2013).  Defendants can only overcome Plaintiffs' choice forum by a strong showing that transfer will "prevent the waste of 'time, energy, and money' and 'protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Lung v. Yachts Int'l, Ltd.*, 980 F. Supp. 1362, 1369 (D. Haw. 1997) (quoting *Van Dusen*, 376 U.S. 612, 616 (1964)).  Defendants' motion does not satisfy their burden.

### 2. Defendants Have Not Provided Any Facts to Support Their Motion

As Defendants state in their moving papers, "'A transfer analysis under §1404 is a flexible and individualized analysis which must be made on the **unique facts presented** in each case . . . There is no rigid rule governing a transfer determination by a court; **each case turns on its facts**.'"  Docket # 20, 4:5-8 (citing *Lawrence v. Zerox Corp.*, 56 F. Supp. 2d 442, 449, 450 (D. N.J. 1999) (citation omitted)(emphasis added).  Despite the acknowledgment that a transfer under

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR CHANGE OF VENUE; CASE NO. 14-CV-01800-BLF

4

§1404(a) relies on facts, Defendants failed to include any affidavits or declarations in their motion as required to establish the facts necessary to prove their burden. ND CAL. R. 7-5(b).

Furthermore, Defendants cannot rely on vague generalizations to support their motion. Defendants are obligated to identify the key witnesses to be called and to present a generalized statement of what their testimony would include. *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989) (finding that a party claiming witness inconvenience is obligated to provide evidence, through affidavits or depositions, of witness identities and their generalized testimony to support its motion to transfer).

As Defendants have failed to include any declarations, affidavits, or specific facts to support their motion, the Court should deny Defendants' request to transfer under §1404(a). Plaintiffs anticipate that Defendants may seek to submit additional law, facts, and evidence in their reply papers; however, Defendants cannot introduce new facts or different legal arguments in their reply brief that they have not already presented in their moving papers. *Zamani v. Carnes*, 491 F.3d 990.997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.")

### 3. The Factors Weigh In Supporting Plaintiffs' Choice of Forum

Even if the Court considered Defendants' unsupported generalizations, the factors in § 1404(a) weigh in favor of Plaintiffs' choice of forum – the Northern District of California.

#### a. Convenience of Parties

Section 1404(a) is not meant merely to shift the inconvenience from the defendant to the plaintiff. *Reed Elsevier, Inc. v. Innovator Corp.*, 105 F. Supp. 2d 816, 821; *Van Dusen v. Barrack*, 376 U.S. 612, 645-646, 11 L. Ed. 2d 945 (1964) ("Section 1404(a) provides for transfer to a more convenient forum, not a forum likely to prove equally convenient or inconvenient."). The relative convenience for each party must be considered.

Where plaintiff is a private individual and defendant is a large corporation, defendant's assertions regarding monetary expense and difficulty in litigating in a distant forum are likely to be disregarded. *Miracle v. NYP Holdings, Inc.* 87 F. Supp. 2d 1060, 1073 (D. Haw. 2000). Plaintiffs are private individuals who have sued six corporate defendants: Lincoln Housing, a

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR CHANGE OF VENUE; CASE NO. 14-CV-01800-BLF          5

corporation headquartered in Dallas, Texas; Camp Pendleton & Quantico Housing, a corporation headquartered in Dallas, Texas; Jarsco Utilities, Inc., a corporation headquartered in Santa Cruz, California; Amerigas, Successor-in-Interest to Bi-State Propane, a corporation headquartered in Valley Forge, Pennsylvania; General Electric Company, a corporation headquartered in Schenectady, New York; and ABC Fire Extinguisher Co., Inc., a corporation headquartered in Sparks, Nevada. *See* Jabagchourian Decl., ¶ 5. None of the corporations has headquarters in the Eastern District of California.

Although Plaintiff Celeste and Talon consider their principal place of residence to be in California, Plaintiff Thor Westby is an active-duty Petty Officer First Class Naval Hospital Corpsman, and the family is currently living in Campbell, Minnesota, while Thor serves with the Military Police Support Company, 4th Law Enforcement Battalion in Wahpeton, North Dakota. *See* Jabagchourian Decl., ¶ 6. Considering the location of the parties involved, the Northern District of California, with three major airports, is more convenient for all parties than the Eastern District of California. *See* Jabagchourian Decl., ¶ 7.

Another factor in decreasing the parties' monetary expense and difficulty in litigating is considering the location of parties' counsel, none of whom is in the Eastern District of California. Counsel for six out of the seven parties are located in the Northern District: Plaintiffs (Burlingame, California), Defendant Lincoln Housing (San Francisco, California), Defendant Camp Pendleton & Quantico Housing (San Francisco, California),[1] Defendant General Electric (Walnut Creek, California), Defendant Jarsco Utilities, Inc. (San Jose, California) and Defendant ABC Fire Extinguisher Co., Inc. (Oakland, California). *See* Jabagchourian Decl., ¶¶ 1, 8-10; Docket #20, #21. Having to litigate the case in the Eastern District will greatly increase the money expended on this lawsuit and will cause significant difficulties.

           **b.**     **Location of Witnesses and Evidence**

Plaintiffs filed their lawsuit against Defendants for Defendants' negligence in designing, constructing, manufacturing, installing, testing, repairing, maintaining, and/or financing the

---

[1] Defendants Camp Pendleton & Quantico Housing, LLC and Lincoln Housing are represented by the same firm and same attorneys. *See* Docket #11 and Docket #13.

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR CHANGE OF VENUE; CASE NO. 14-CV-01800-BLF**

6

housing unit and various components, such as the gas-powered stove, propane distribution system, propane gas tanks, and fire sprinkler system.  The focus is on the acts and/or omissions of Defendants, and/or their servants, agents, representatives, employees, and/or joint venturers.  These witnesses will be located throughout the country and especially where Defendants are headquartered.  The only witnesses that Defendants identify in the Eastern District are the emergency responders.  Much of their testimony is already contained in the emergency response reports and in testimony that should have been collected in the litigation pending in Dallas, Texas against Lincoln Housing for the subject explosion.  *See* Jabagchourian Decl., ¶¶ 11-12.  Since discovery in the Texas litigation is nearing completion, Defendants should be knowledgeable of all the relevant witnesses and testimony.  *See* Jabagchourian Decl., ¶ 11.  Even with knowledge gleaned in that parallel case, Defendants have failed to provide sufficient factual support to demonstrate why the Eastern District is more convenient for witnesses than the Northern District.

In addition, the distance between the Northern District and the Eastern District is not significant to strongly favor the Eastern District.  *See In re Volkswagen of America, Inc.*, 506 F.3d 376, 386 (5th Cir. 2007) ("When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be travelled.")  A mere 110 miles separate the federal courthouses in Sacramento and San Jose.  *See* Jabagchourian Decl., ¶ 13. In addition, the Northern District Courthouse is only 67 miles farther from the scene of the explosion than the Eastern District Courthouse.  *See* Jabagchourian Decl., ¶ 13.  Since the distance is insignificant in comparison, Defendants' choice of forum does not strongly outweigh Plaintiffs' choice of forum.

Pertinent evidence in this action has been removed from the scene by the Bureau of Alcohol, Tobacco, Firearms and Explosives.  *See* Jabagchourian Decl., ¶ 12.  In addition, much of the evidence has been collected for the litigation pending in the District Court of Dallas County, Texas where the fact discovery cut-off is scheduled for August 5, 2014.  *See* Jabagchourian Decl., ¶ 11.  Therefore, very little, if any, convenience is achieved transferring the venue 110 miles away to the Eastern District.

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR CHANGE OF VENUE; CASE NO. 14-CV-01800-BLF

7

### c. Judicial Economy And Docket Congestion

The "interest[s] of justice" include such concerns as ensuring speedy trials. *Heller Financial*, 883 F.2d at 1293. "The 'interest of justice' analysis relates . . . to the efficient functioning of the courts, not to the merits of the underlying dispute." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986).

In the present case, it is clear that the Northern District of California will ensure a speedier trial than the Eastern District of California due to the Eastern District's immense case load and backlog. As of June 30, 2013, the Northern District had 3,064 civil cases pending in front of twenty (20) Article III judges, totaling 153.2 cases per Article III judges. *See* Jabagchourian Decl., ¶ 14, Exhibit C, p. 3; Jabagchourian Decl., ¶ 15, Exhibit D, pp. 7, 46-47. The Eastern District had 5,947 civil cases pending in front of ten (10) Article III judges, totaling 594.7 cases per Article III judge. *Id.* The immense case load and low number of District Court judges in the Eastern District of California has resulted in a longer delay in resolving cases. As of September 30, 2013, the Northern District had 282 civil cases pending more than three years compared with 374 civil cases pending more than three years in the Eastern District. *See* Jabagchourian Decl., ¶ 15, Exhibit D, pp. 7, 46-47. In fact, the Ninth Circuit has sent the Eastern District of California four (4) Circuit Court judges and eight (8) visiting judges to assist with the "significant backlog of prisoner cases." *See* Jabagchourian Decl., ¶ 15, Exhibit D, p. 47. It would make little sense to add yet another case to an already congested docket held by the Eastern District.

/ / /
/ / /
/ /
/ /
/ /
/ / /
/ / /
/ / /
/ / /

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR CHANGE OF VENUE; CASE NO. 14-CV-01800-BLF

8

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that Defendants' motion to dismiss, or in the alternative, for change of venue be denied.

Dated: May 28, 2014

**COTCHETT, PITRE & McCARTHY, LLP**

By: _/s/ Ara Jabagchourian_
ARA JABAGCHOURIAN
ALEXANDRA A. HAMILTON
840 Malcolm Road
Burlingame, California 94010
Telephone: (650) 697-6000
Facsimile: (650) 692-3606

CHRISTOPHER G. PAULOS
**LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY & PROCTOR, P.A**.
316 S. Baylen St., Suite 600
Pensacola, Florida 32502
Telephone: (850) 435-7067
Facsimile: (850) 436-6066

*Attorneys for Plaintiffs*

LAW OFFICES
COTCHETT, PITRE & McCARTHY, LLP

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR CHANGE OF VENUE; CASE NO. 14-CV-01800-BLF**

9