IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CELESTE WESTBY, individually; THOR WESTBY, individually; TALON WESTBY, a minor by and through his Guardian *Ad Litem* CELESTE WESTBY,<br><br>Plaintiffs,<br><br>v.<br><br>LINCOLN PROPERTY COMPANY, a corporation dba LINCOLN MILITARY HOUSING; JARSCO UTILITIES, INC., a corporation; BI-STATE PROPANE, a corporation; GENERAL ELECTRIC COMPANY, a corporation; ABC FIRE EXTINGUISHER COMPANY, INC., a corporation; CAMP PENDLETON & QUANTICO HOUSING, LLC, a corporation; and DOES 3 through 50, inclusive,<br><br>Defendants. | Case No. 5:14-cv-01800-BLF<br><br>**ORDER DENYING MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, FOR CHANGE OF VENUE**<br><br>[Re: ECF 20] |

Plaintiffs Thor Westby, Celeste Westby, and Talon Westby filed this action following an explosion at their home caused by a build-up of propane gas. Plaintiffs sue six companies alleged to have performed negligent construction, manufacture, repair, and/or maintenance that contributed to the explosion. Four of the six defendants move to dismiss the action under Federal Rule of Civil Procedure 12(b)(3) for improper venue or, in the alternative, for change of venue pursuant to 28 U.S.C. § 1404(a). The Court has considered the briefing submitted by the parties.[1] For the reasons discussed below, the motion is DENIED.

---

[1] The Court vacated the hearing pursuant to Civil Local Rule 7-1(b) after concluding that the motion is appropriate for disposition without oral argument. (ECF 29)

## I. BACKGROUND

At the time of the explosion, Thor, Celeste, and Talon Westby resided in a duplex home located in the Department of the Navy's Coleville Military Family Housing Complex in Coleville, California. (Compl. ¶ 1, ECF 1-1) Plaintiffs allege that at approximately 9:00 p.m. on the night of February 3, 2012, a large build-up of propane gas in their residence ignited upon meeting an "ignition source." (*Id.*) The resulting explosion destroyed Plaintiffs' half of the duplex, killed the occupant of the other half of the duplex, and damaged approximately thirty surrounding homes. (*Id.* ¶¶ 1, 21) Emergency responders found thirty-six year old Thor Westby in the living room after the explosion; he suffered "severe physical and emotional injuries" resulting from the explosion and subsequent fire. (*Id.* ¶ 23) Thirty-nine year old Celeste Westby was found in the utility room; she suffered "serious and life threatening injuries, including but not limited to extensive and permanent burn and inhalation injuries with physical scarring and disfigurement." (*Id.* ¶ 22) Talon Westby, age ten, was visiting a neighbor at the time of the explosion, but he arrived at the scene in time to witness rescue efforts; he is suffering "serious and ongoing psychological and emotional distress." (*Id.* ¶ 24)

Plaintiffs filed this action in the Santa Cruz County Superior Court on January 30, 2014, asserting eleven state law claims: (1) premises liability; (2) negligence; (3) *res ipsa loquitur*; (4) product liability - negligence; (5) product liability - strict liability; (6) breach of express warranty; (7) breach of implied warranty - particular purpose; (8) breach of implied warranty - merchantability; (9) private nuisance; (10) trespass; and (11) loss of consortium. (Compl., ECF 1-1)

The complaint alleges liability on the part of four named defendants and Does 1-50. According to Plaintiffs, Defendant Lincoln Property Company, which operated the housing complex, "failed to properly inspect, maintain and safeguard the property from foreseeable dangers." (Compl. ¶¶ 1, 3(A)) Defendant Bi-State Propane "possessed, sold and distributed the propane gas, and filled and inspected the propane tanks that supplied the propane gas that fueled the explosion." (*Id.* ¶ 3(B)) Defendant Jarsco Utilities, Inc. "negligently designed, installed, financed, repaired, upgraded, maintained, and/or inspected the propane distribution system so as to create a dangerous condition." (*Id.* ¶ 3(C)) Finally, General Electric Company "negligently designed,

manufactured, tested, installed, repaired, maintained, inspected, and/or introduced into the stream of commerce the gas-powered stove so as to create a dangerous condition." (*Id.* ¶ 3(D)) While the action was pending in the Superior Court, ABC Fire Extinguisher Company, Inc. and Camp Pendleton & Quantico Housing, LLC, were substituted for Doe 1 and Doe 2, respectively. (Jabagchourian Decl. ¶ 3, ECF 25-1)[2]

On April 18, 2014, Defendant Camp Pendleton & Quantico Housing, LLC removed the action to the United States District Court for the Northern District of California based upon federal enclave jurisdiction. (Not. of Removal, ECF 1) Lincoln Property Company joined in the removal. (*Id.* ¶ 2) The removal was not contested by Plaintiffs. Shortly thereafter, Camp Pendleton & Quantico Housing, LLC and Lincoln Property Company (collectively, "Moving Parties") filed the present Motion to Dismiss or, in the Alternative, for Change of Venue. (Mot., ECF 20) Moving Parties contend that venue is proper in the Eastern District of California, where the Coleville Military Family Housing Complex is located. A statement of non-opposition to the motion was filed by General Electric Company and joinders in the motion were filed by Amerigas Propane, L.P. (the successor-in-interest to Bi-State Propane) and ABC Fire Extinguisher Company, Inc.[3] (Statement of Non-Opp., ECF 21; Joinder, ECF 23; Joinder, ECF 24) Plaintiffs' opposition to the motion was filed on May 28, 2014, and a reply was filed on June 4, 2014.

## II. LEGAL STANDARDS

### A. Rule 12(b)(3)

A defense of improper venue may be raised by motion under Federal Rule of Civil Procedure 12(b)(3). When a district court evaluates a Rule 12(b)(3) motion, "pleadings need not be accepted as true, and facts outside the pleadings may be considered." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009). If a district court determines that venue is improper, the court may dismiss the action or, in the interests of justice, transfer the case to any district in which it could

---

[2] The Jabagchourian Declaration states that Camp Pendleton & Quantico Housing, LLC was substituted for Doe 2. The Court infers that ABC Fire Extinguisher Company, Inc. was substituted for Doe 1 based upon ABC's appearance as a defendant in the case and the fact that the parties' documents now reflect that the suit is asserted against the named defendants and Does 3 through 50.

[3] The joinders are appropriate, as Moving Parties' arguments apply equally to Amerigas Propane, L.P. and ABC Fire Extinguisher Company, Inc.

have been brought. 28 U.S.C. § 1406(a).

### B.  Section 1404(a)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

## III. DISCUSSION

### A.  Dismissal for Improper Venue

Moving Parties seek dismissal of the action for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). As an initial matter, the motion is untimely. A motion asserting any of the defenses listed in Rule 12(b) "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Moving Parties filed answers before filing the Rule 12(b)(3) motion. (*See* ECF 11, 13) Moreover, those answers did not raise the defense of improper venue. (*See id.*) Failure to raise a defense listed in Rule 12(b)(2)-(5) by either motion or answer constitutes a waiver of the defense. Fed. R. Civ. P. 12(h)(1)(B). The Rule 12(b)(3) motion is subject to denial on these bases.

Even if it were to reach the merits, the Court would deny the motion to dismiss. Moving Parties assert that dismissal is warranted because the action is not properly venued in the Northern District of California under 28 U.S.C. § 1391. Section 1391 limits the districts in which a civil action may be "brought." 28 U.S.C. § 1391.[4] The present action was not "brought" in the Northern

---

[4] Section 1391 provides in relevant part that:

(b) Venue in general. – A civil action may be brought in –

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

District of California; it was *removed* from a state Superior Court. Consequently, § 1391 is inapplicable. *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665-66 (1953). Venue of a removed action is governed by 28 U.S.C. § 1441(a). *Id.* "Section 1441(a) expressly provides that the proper venue of a removed action is 'the district court of the United States for the district and division embracing the place where such action is pending.'" *Id.* (quoting 28 U.S.C. § 1441(a)). The Northern District of California is the district embracing Santa Cruz County, the place where the action was pending prior to removal.

Accordingly, the motion to dismiss pursuant to Rule 12(b)(3) is DENIED.

### B.     Change of Venue

Moving Parties alternatively seek change of venue to the Eastern District of California pursuant to 28 U.S.C. § 1404(a). The action could have been brought in the Eastern District of California, where the Coleville Military Family Housing Complex is located, because "a substantial part of the events or omissions giving rise to the claim occurred" there. *See* 28 U.S.C. § 1391(b)(2). Defendants argue that the Eastern District of California is the more convenient forum for parties and witnesses.

"In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Constr. Co., Inc. v. United States Dist. Court for the Western Dist. of Texas*, --- U.S. ----, 134 S. Ct. 568, 581 (2013). "Factors relating to the parties' private interests include 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Id.* at 581 n.6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). "Public-interest factors may include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'" *Id.* (quoting *Piper Aircraft*, 454 U.S. at 241 n.6) (alteration in original). The Supreme Court has indicated that "[t]he Court must also give some

weight to the plaintiffs' choice of forum." *Id.* The Ninth Circuit has gone further, holding that "[t]he defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

Moving parties already have upset Plaintiffs' choice of forum to some extent by removing the action from the Santa Clara County Superior Court. That removal has not been contested. Plaintiffs contend, however, that Moving Parties have not made a strong showing of inconvenience sufficient to upset Plaintiffs' choice to litigate in the Bay Area. The Court agrees. Moving Parties assert in their motion brief that the Eastern District of California would be a more convenient forum because the propane explosion occurred there and emergency responders who found Thor and Celeste Westby reside there; however, those assertions are not supported by declarations or other evidence. Plaintiffs, on the other hand, submit the declaration of Ara Jabagchourian, who states that "[t]he Bureau of Alcohol, Tobacco, Firearms and Explosives has investigated the explosion, interviewed witnesses, collected evidence from the scene, and written a report." (Jabagchourian Decl. ¶ 12, ECF 25-1) Jabagchourian also notes that a wrongful death case arising out of the explosion currently is being litigated in Texas, and that the discovery cut-off in the Texas action is August 5, 2014. (*Id.* ¶ 11) Given the availability of the investigative report and the discovery from the Texas action, it is not clear that transferring the action to the Eastern District of California would result in any significant benefit to the parties or counsel.

Plaintiff Thor Westby currently is stationed in Wahpeton, North Dakota, with the Military Police Support Company, 4th Law Enforcement Battalion, and the Westby family currently resides in Minnesota. (Jabagchourian Decl. ¶ 6) The six defendant companies are headquartered throughout the country: Moving Parties Camp Pendleton & Quantico Housing, LLC and Lincoln Property Company in Dallas, Texas; Jarsco Utilities, Inc. in Santa Cruz, California; Amerigas Propane, L.P. in Pennsylvania; General Electric Company in New York; and ABC Fire Extinguisher Company, Inc. in Nevada. (*Id.* ¶ 5) While one of the defendants is located in the Northern District of California, none are located in the Eastern District of California. (*Id.*) Several of Defendants' attorneys are located in the Northern District of California, while none are located in the Eastern

District of California.  (*Id.* ¶¶ 8-10)  The Bay Area is served by three major airports (*id.* ¶ 7), which would make travel to the Northern District of California convenient for the parties, their counsel, and witnesses (if necessary).  Finally, Jabagchourian submits statistics that appear to show more congestion in the Eastern District of California than in the Northern District of California.  (*Id.* ¶¶ 14-15 and Exhs. C, D)

Based upon this record, the alternative motion to change venue is DENIED.

**IV.  ORDER**

For the foregoing reasons, the Motion to Dismiss or, in the Alternative, for Change of Venue is DENIED.

Dated:  June 18, 2014

_____
BETH LABSON FREEMAN
United States District Judge