Pages 1 - 18

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE BETH LABSON FREEMAN, JUDGE

| | | |
|---|---|---|
| CELESTE WESTBY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO. C 14-01800 BLF |
| | ) | |
| LINCOLN PROPERTY COMPANY, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | San Jose, California |
| _____ | ) | Thursday, August 7, 2014 |

**TRANSCRIPT OF OFFICIAL ELECTRONIC SOUND RECORDING
OF PROCEEDINGS**

FTR 1:30 p.m. - 1:50 p.m. =  20 minutes

**APPEARANCES**:

For Plaintiffs:          Cotchett, Pitre & McCarthy, LLP
                         San Francisco Airport Office Center
                         840 Malcolm Road, Ste. 200
                         Burlingame, California  94010
                    BY:  **ALEXANDRA AISLING HAMILTON, ESQ.**
                         **ARA R. JABAGCHOURIAN, ESQ.**

                         Levin, Papantonio, Thomas, Mitchell
                          Rafferty & Proctor, P.A
                         316 South Baylen Street, Suite 600
                         Pensacola, Florida  32502
                    BY:  **CHRISTOPHER G. PAULOS, ESQ.**

        (Appearances continued on following page.)

Transcribed by:          Leo T. Mankiewicz, Transcriber
                         leomank@gmail.com
                         (415) 722-7045

APPEARANCES:  (cont.)


For Defendant ABC Fire Extinguisher Company, Inc.:

                    Burnham Brown
                    1901 Harrison Street, 14th floor
                    Oakland, California  94612
              BY:  **RICHARD J. FINN, ESQ.**


For Defendant Jarsco Utilities, Inc.:

                    Borton Petrini, LLP
                    95 South Market Street, Suite 400
                    San Jose, California  95113
              BY:  **LYNNE L. BENTLEY, ESQ.**


For Defendant Bi-State Propane:

                    McDonald Carano Wilson LLP
                    100 W. Liberty Street, Tenth Floor
                    Reno, Nevada  89501
              BY:  **MATTHEW CHRISTOPHER ADDISON, ESQ.**


For Defendant General Electric Company:

                    Glynn & Finley LLP
                    100 Pringle Avenue, Suite 500
                    Walnut Creek, California  94596
              BY:  **JAMES M. HANLON, JR., ESQ.**


                    ---o0o---

<u>Thursday, August 7, 2014</u>

1:30 p.m.

P R O C E E D I N G S

**THE CLERK:**  Calling case 14-1800, Westby, et al., versus Lincoln Property Company.

Counsel, please state your appearances.

**MS. HAMILTON:**  Alexandra Hamilton on behalf of plaintiffs.

**MR. PAULOS:**  Chris Paulos on behalf of plaintiffs.

**MR. JABAGHOURIAN:**  Good afternoon, your Honor.  Ara Jabagchourian on behalf of the Westby plaintiffs.

**THE COURT:**  Good to see you.

**MR. ZAPPALA:**  Yes, your Honor, thank you.  Ralph Zappala, Lewis Brisbois Bisgaard & Smith, for the defendants Camp Pendleton and Quantico Housing, LLC and Lincoln Property Company.

**MR. FINN:**  Good afternoon, your Honor.  Richard Finn on behalf of ABC Fire Extinguisher Company, Inc.

**THE COURT:**  Good afternoon.

**MS. BENTLEY:**  Good afternoon.  Lynn Bentley on behalf of Jarsco Utility Company.

**MR. ADDISON:**  Good afternoon, your Honor.  Matt Addison on behalf of Bi-State Propane.

**MR. HANLON:**  Good afternoon, your Honor.  Glynn & Finley, Jim Hanlon for General Electric Company.

1    **THE COURT:**  Good afternoon.  Well, it looks like

2    plaintiffs have got everybody before the Court now.  Is that

3    correct?

4         **UNIDENTIFIED SPEAKER:**  That's correct, your Honor.

5         **THE COURT:**  All right.  The only contact I had with

6    this case was the motion for -- to dismiss for improper venue.

7    I haven't had any substantive motions on the case, but it looks

8    like from your case management conference statement that the

9    case is sort of ready to set sail and you didn't identify any

10   problems that you've confronted yet.  Is that correct?

11        **UNIDENTIFIED SPEAKER:**  That's correct, your Honor.

12        **THE COURT:**  All right, good.  The initial disclosures

13   were just made in the last three weeks?

14        **UNIDENTIFIED SPEAKER:**  Yes, your Honor.

15        **THE COURT:**  All right, that's great.  What -- I see

16   your proposed schedule here.  It's a little bit of a lengthy

17   schedule, but I mean, the case is brand new, and that would get

18   it to trial within two years, which seems appropriate.

19        I think -- I don't know how much the Court is going to

20   be involved in this.  I think the discovery is extensive in a

21   case like this, and I don't know what role the Texas state case

22   is going to play.

23        Anyone able to give me more than what I learned in

24   your statement?

25        **MR. ZAPPALA:**  Well, yes, your Honor.  Ralph Zappala

again for the Camp Pendleton and Quantico Housing LLC, and
Lincoln Property.  The Lincoln Property Company is a defendant
in the case pending in the Dallas County Court in Dallas,
Texas, and that case is scheduled for trial on May 5th of 2015.

**THE COURT:**  Oh.

**MR. ZAPPALA:**  And there is an order from that court,
although less than specific, concerning some destructive
testing on the various components of -- involved in the
explosion at issue.  There are deadlines in that case.  An
order of January is when I have to have all parties before the
Court or amend the pleadings.  Discovery closes February 3rd
next year, as does the designation of experts and reports.  Any
other opposing declaration concerning experts, which I guess is
unique to that practice, is February 18, 2015.  Any party
seeking affirmative relief regarding any rebuttal witnesses,
March 5th, 2015.  All expert discovery closes on April 3rd, and
other amended pleadings are also at that deadline.

So that's the track, at least as of now, for that
case.

**THE COURT:**  Wow, that's really quite a bit further
along, or they don't give you as much time there.

**MR. ZAPPALA:**  Well, there is only one party defendant
in that case.

**THE COURT:**  Oh, I see.  Just Lincoln.

**MR. ZAPPALA:**  Correct.

1    THE COURT:  And Lincoln didn't bring anybody else in.

2    MR. ZAPPALA:  Correct.

3    THE COURT:  Okay.  Would that be a matter for a

4  subsequent case, if necessary?  Is that how that works?

5    MR. ZAPPALA:  I can't speak to that, your Honor.

6    THE COURT:  I understand.  Okay, that's fine.  And in

7  terms of the destructive testing, that's not any problem for

8  discovery in this case?

9    MR. ZAPPALA:  I can assure you that "problem" may be

10 strong.  It's a way to describe it.  Obviously, there are arson

11 details that we clearly need to work through.

12   THE COURT:  Okay.

13   MR. ZAPPALA:  And I don't want to mischaracterize the

14 Court's order out of Texas, but there's lot of spaces that have

15 to be filled.  Place, time, things like that.

16   THE COURT:  Okay.

17   MR. ZAPPALA:  The protocol is very general.  So -- but

18 counsel for Lincoln has circulated the order.  Any protocol

19 is -- (inaudible).

20   THE COURT:  Okay.

21   UNIDENTIFIED SPEAKER:  If I may, your Honor?

22   THE COURT:  Yes.

23   UNIDENTIFIED SPEAKER:  We have received protocol

24 orders recently, I'd say, within seven, ten days, and it was

25 circulated to our consultants, and the quote I received just

this morning from one of my consultants was "unusually destructive."  So we're going to have an issue with protocol, number one.

Number two, we're trying to set up some dates and we've been working (inaudible) inspection before that, so we can know what we're dealing with, and whether we have the right consultants even involved.

So I know that there's been a recommendation that the destructive testing occur in 60 days.  We will work diligence.  I don't want to delay the Texas case, but at the same time, I'm not going to jeopardize my client's case to speed up a destructive test that may not be adequate for her purposes.  So that may be an issue.  I'm hoping to avoid it, but I want to raise that issue with the Court, because we just got the protocol.  My consultants are telling me that they cannot provide any recommendation in terms of protocol until they see what they're doing with it.

**THE COURT:**  And I'm not sure there's anything that this Court can do if plaintiffs continue to have a concern.  Somehow, you would need to get before the Texas court on that order.

**UNIDENTIFIED SPEAKER:**  Well, the materials are over in Menlo Park, in Exponent.  So I think that falls under your jurisdiction as to what -- (Laughter) -- your Honor.

**THE COURT:**  You're right.  Menlo Park would

definitely...  All right, well, that's coming up relatively

soon, and I would encourage you to communicate with me

through -- I mean, file it, circulate it, but a letter, if you

have concerns, because the normal motion practice in a

situation like this is not going to be helpful to anyone.

If there's anything that you want and I feel I can do

it, I would certainly want to be able to be making those

considerations in enough time that I don't unnecessarily impact

the other case, because I've got some time limits.

But I am generally here until the last week in August,

and of course, in my absence, there's some I can do, but very

little, that helps you, but I would -- I don't generally

encourage that kind of informal contact, but here it seems that

it might be necessary, that whatever the decision time will be

important.

So I would certainly encourage brief letters, and we

might immediately schedule a hearing where you could

participate by phone, because clearly, there are a lot of

people involved, and I wouldn't want unnecessary travel in

August.  That's never welcomed by anyone.  But I want to be

able to address the issues, if we need.

**UNIDENTIFIED SPEAKER:**  Thank you.

**THE COURT:**  And I would -- I assume those issues would

be pretty focused.

**UNIDENTIFIED SPEAKER:**  Yes.

1    **THE COURT:**  All right.  Is there anything else I can

2  deal with other than, I'm about to give you some dates for the

3  rest of this case, as you've outlined them?  Any other issues

4  you'd like me to be aware of or address?

5    **UNIDENTIFIED SPEAKER:**  Yes, your Honor, one other

6  issue.  I finally had an opportunity to go fully through the

7  Rule 26 disclosure over the weekend, and I believe I may have

8  to make an amendment to the pleading for an alter ego

9  allegation.

10    **THE COURT:**  Oh.

11    **UNIDENTIFIED SPEAKER:**  And I can get it done within 20

12  days, if the Court is willing to allow that.

13    **THE COURT:**  Is there going to be any objection to a

14  request to amend the pleading?

15    **UNIDENTIFIED SPEAKER:**  Without having seen it, it's

16  hard to say, but I can't imagine how it would stop it.

17    **THE COURT:**  Okay.  Why don't you either meet -- why

18  don't you correspond, in whatever method, e-mail or whatever,

19  and outline it a little bit more and get a -- if you can get an

20  approval, you can just submit it with a stip and order on

21  amending the pleading, and I won't put any time limit on you,

22  but it would be a shame to have to go through a motion for

23  leave to amend if everyone is willing to stipulate to it.

24    **UNIDENTIFIED SPEAKER:**  Thank you.

25    **THE COURT:**  All right.

1          **UNIDENTIFIED SPEAKER:**  If counsel would be kind enough
2     to just disclose the party, just the party --
3          **UNIDENTIFIED SPEAKER:**  Lincoln property and Quantico.
4          **UNIDENTIFIED SPEAKER:**  I beg your pardon?
5          **UNIDENTIFIED SPEAKER:**  Lincoln Property and Quantico,
6     alter ego.
7          **UNIDENTIFIED SPEAKER:**  Thank you.
8          **THE COURT:**  All right.  Good.
9          **UNIDENTIFIED SPEAKER:**  There is one other matter,
10    actually --
11         **THE COURT:**  Yes.
12         **UNIDENTIFIED SPEAKER:**  That Mr. Zappala was sharing.
13    I believe we -- my mistake.  Apparently, I checked the wrong
14    box on ADR.
15         **THE COURT:**  Oh, I saw that, yes.  Do you have a --
16    (laughs) -- do you have a -- it just needs a different order,
17    correct?  You want private mediation, you want to keep it
18    confidential, I gather?
19         **UNIDENTIFIED SPEAKER:**  Correct.
20         **UNIDENTIFIED SPEAKER:**  Yes.
21         **UNIDENTIFIED SPEAKER:**  The HQ is, I think, the timing
22    also, yes, the mediation and timing was, I think we had an
23    early mediation, I think --
24         **UNIDENTIFIED SPEAKER:**  It set the deadline just 90
25    days from the date of the order referring the case to ADR

1   process, unless otherwise ordered to.  If you otherwise order

2   it, I guess we don't have an issue.

3        **THE COURT:**  All right.  I mean, I think the easiest

4   thing is to just submit a new order that you all approve, and

5   I will modify that, and that should be very straightforward, as

6   well.

7        **UNIDENTIFIED SPEAKER:**  Thank you.

8        **UNIDENTIFIED SPEAKER:**  Yes, thank you.

9        **THE COURT:**  I'm glad to do that.  All right, let me

10  take a look at some of these dates that you've proposed.  I've

11  looked at them.  They seemed reasonable to me, and you do agree

12  on the dates, and I'm going to -- the only thing I didn't do is

13  to make sure that the 2016 dates are on my actual hearing

14  dates, that those are Thursdays.  I presume you did, and

15  I don't need to look those up?

16       **UNIDENTIFIED SPEAKER:**  I don't know if they're

17  Thursdays.

18       **UNIDENTIFIED SPEAKER:**  I don't think so.

19       **UNIDENTIFIED SPEAKER:**  I don't think they were

20  Thursdays.

21       **THE COURT:**  Okay, that's why I'm asking, that I --

22  Let me -- I have a 2016 calendar right here.  Let me --

23       **UNIDENTIFIED SPEAKER:**  Thank you.

24       **THE COURT:**  -- let me take a look, quickly.  And so

25  April 11 is a Monday, and would be available for trial.

March 21 is a Monday.  I would -- I do the final pretrial on

Thursdays at 2:30, and for a -- that week is appropriate.

Is there any objection to March 24 of 2016 being the

final pretrial?

**UNIDENTIFIED SPEAKER:**  No, your Honor.

**UNIDENTIFIED SPEAKER:**  None on the part of my clients,

your Honor.

**THE COURT:**  Wonderful.  Then I will make that

modification.  The summary judgment -- now, this is only a last

day, and it's not a reserve day.  So please keep that in mind.

I have calendars on Thursday, so I would move that to

January 28, 2016, if there's no objection, and that's at

9:00 a.m.

And then we move back into the 2015, which is even

imaginable as -- all right, and the *Daubert* motion, that would

be an evidentiary hearing, and so you've set that for a Friday,

and I don't -- I think Mondays and Fridays -- Fridays would be

preferable for me, and you've set it as a last day.  It's not a

selected date.

I certainly agree with November 20 being the last day.

Keep in mind when you ultimately, if you need a *Daubert* hearing

and are looking at dates, that Fridays are generally good, and

please call my courtroom deputy and she will let you know

what's available, and for that kind of motion, I'm glad for you

to set it more than the two weeks in advance that we normally

1    reserve, because you have experts you have to schedule, and

2    I know that's complicated.  So I'm glad to do that, but it's

3    probably way too early to pick a date for that.

4         And then for the discovery cutoffs that you have put

5    here in your scheduling section of your order, you agree with

6    them, they seem appropriate to me, and I would adopt all of

7    those dates.

8         In terms of ADR, your mediation, is early mediation

9    something that you think will be fruitful in this case?

10        **UNIDENTIFIED SPEAKER:**  I do not, your Honor.

11        **THE COURT:**  Okay.

12        **UNIDENTIFIED SPEAKER:**  There are some issues in terms

13   of forensics that need to be ferreted out before anybody can

14   say confidently, use it, need it, all that.

15        **THE COURT:**  And so Mr. Zappala, you had indicated that

16   the ADR order said that it would be completed within 90 days of

17   the order.  What's your proposal now?

18        **MR. ZAPPALA:**  I would propose that we have private

19   mediation scheduled sometime appropriately before the close of

20   discovery.  I hope --

21        **THE COURT:**  That's what I'm thinking, too.

22        **UNIDENTIFIED SPEAKER:**  Right.

23        **THE COURT:**  I actually -- yes.

24        **UNIDENTIFIED SPEAKER:**  I've heard about this, your

25   Honor, and the parties did agree that the last day of mediation

1     would be July 24th, 2015.

2         **THE COURT:** All right. And I was looking at your

3     last -- your expert discovery cutoff, but you'd have all your

4     reports by July 15. I think that's more reasonable.

5         I -- you know, mediation is time-consuming and it's

6     expensive, so I like to make sure it's going to be -- have a

7     chance of being productive, and I'm looking at how many

8     defendants there are, thinking that there's a lot of discovery

9     that needs to be done before you could evaluate the case.

10         So yes, if you want to submit that modification of the

11     ADR order and include some time in the range of July of 2015 as

12     the cutoff, I do agree with that. And that's a significant

13     change from what you had originally had, and I think that makes

14     sense. All right.

15         Those are all the issues that I have. I don't know

16     that this case will be one where you'd want to file summary

17     judgment. My experience is, when there are this many

18     defendants, that sometimes things shake out, that some of the

19     defendants feel that there's -- it's reasonable to submit

20     summary judgment.

21         I do want summary judgment -- I don't think that's --

22     we have those -- we have the dates set, the last date and

23     that's appropriate, but I do like the briefing completed about

24     three weeks before the motion date. So as you're working

25     backward, so far in advance, it's hard to imagine, but it will

give me a better chance to be prepared on that.  So if you'd

just keep that in mind.

I do only allow one summary judgment or summary

adjudication motion, and if there are going to be

cross-motions, please look at my standing order.  We have tried

to limit the pages on those of the briefing, but that's a long

way off.

All right, that's everything that I have.  Anything

else for any of you?

**UNIDENTIFIED SPEAKER:**  Nothing from plaintiff, your

Honor.

**THE COURT:**  All right.  All right, thank you all for

coming in, and as I say, if something comes up in the next

couple of weeks, I am more than glad to have you appear by

court call, so that we can really make this something that

I can address.  Of course, I always like to see you, but I know

that press of business makes that very difficult.

**UNIDENTIFIED SPEAKER:**  Your Honor, if it please the

Court and counsel, I just -- and admittedly, it's only been

recently circulated with the protocol for testing, but I also

circulated, and I think all parties agreed in principle, to a

stipulation regarding confidentiality.

And I would, if it's okay with counsel, I would like

to at least hold off on actually producing any documents until

we've had an opportunity to look at that.

One of the issues that's come up in this case is the -- we have military personnel. We have also have investigative reports that have been redacted to the point of obliterating any useful information, and --

**THE COURT:** It's their first offer, right?

**UNIDENTIFIED SPEAKER:** Right, but -- and the way through it, based on the experience of our client in the *Hornby* case in Texas --

**THE COURT:** Okay.

**UNIDENTIFIED SPEAKER:** -- the counsel for the Navy will release it if we can demonstrate that we have a sufficient protection from the Court, and it's specifically attorneys' eyes only as to whatever the Department of Navy and the NCIS deem needs that protection, which I can represent at this time is an unredacted detailed report that's essentially names, rank and serial number of all the military personnel.

**THE COURT:** All right. Well, there -- and I certainly understand that. So there are two levels here we have to be concerned with. First, your agreement on the confidentiality and a protective order that you would submit, and I am certainly willing for you to have free rein, as you can agree. Hopefully you can agree on that.

Where it gets difficult is you have to -- and I think you all know this -- the rules for sealing documents that are submitted to the Court are quite different, and the protective

order has to basically leave all of that open.  I can't --
I don't, and I don't think I actually have the authority, to
agree to sealing of things I've never seen.

**UNIDENTIFIED SPEAKER:**  That's right.  That's the first
paragraph.

**THE COURT:**  Right.  Right, and so just -- just so that
you submit it that way, and then the only other thing is that
it's always helpful to address in your protective order which
party has to seek sealing.  There's the party that finds the
information is beneficial is usually not the one who also needs
the confidentiality, and so it's usually better to have a
provision for notice to the party owning the document to then
seek the redaction and sealing and -- but I'll leave that to
you.  It's just good to address that now, so that it doesn't --
I have denied motions when the party coming forward -- I mean,
I get a perfunctory request for sealing, it rarely passes, and
then that party has no interest in pursuing it.

So anyway, we can address that.  But that, I can
certainly understand that.  Hopefully, you can get a protective
order to me shortly, so that I can help you along with the
disclosures.

**UNIDENTIFIED SPEAKER:**  Yes, thank you, your Honor.
I appreciate that.

**THE COURT:**  Yeah.  Does that take care of everything
today?

1      **UNIDENTIFIED SPEAKER:**  I think so, your Honor.

2      **THE COURT:**  All right, thank you all very much.

3      **UNIDENTIFIED SPEAKER:**  Thank you.

4      **UNIDENTIFIED SPEAKER:**  Thank you, your Honor.

5      **UNIDENTIFIED SPEAKER:**  Thank you, your Honor.

6      **THE CLERK:**  This court is adjourned.

7                                                    <u>1:50 p.m.</u>

8                          ---oOo---

## CERTIFICATE OF TRANSCRIBER

I, Leo Mankiewicz, certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.

_____ 10/20/2014

Signature of Transcriber          Date