ARA JABAGCHOURIAN (SBN 205777)
ajabagchourian@cpmlegal.com
ALEXANDRA A. HAMILTON (SBN 280834)
ahamilton@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010
Telephone: 650) 697-6000
Facsimile: (650) 697-0577

CHRISTOPHER G. PAULOS (SBN 272750)
chpaulos@levinlaw.com
**LEVIN, PAPANTONIO, THOMAS, MITCHELL,
RAFFERTY & PROCTOR, P.A.**
316 S. Baylen St., Suite 600
Pensacola, Florida 32502
Telephone: 850-435-7067
Facsimile: 850-436-6066

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| CELESTE WESTBY, individually; THOR WESTBY, individually; TALON WESTBY, a minor by and through his Guardian Ad Litem CELESTE WESTBY,<br><br>Plaintiffs,<br><br>v.<br><br>LINCOLN PROPERTY COMPANY, a corporation d/b/a LINCOLN MILITARY HOUSING; JARSCO UTILITIES, INC., a corporation; GENERAL ELECTRIC COMPANY, a corporation; ABC FIRE EXTINGUISHER CO., INC., a corporation; CAMP PENDLETON & QUANTICO HOUSING, LLC, a limited liability company,<br><br>Defendants. | CASE NO.: 5:14-cv-01800-BLF<br><br>**OPPOSITION TO DEFENDANTS' JOINT MOTION TO DEPOSE PLAINTIFFS CELESTE WESTBY AND THOR WESTBY FOR UP TO TEN HOURS EACH**<br><br>**Judge: Hon. Paul S. Grewal<br>Courtroom #: 5** |

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**OPPOSITION TO DEFENDANTS' JOINT MOTION TO DEPOSE PLAINTIFFS CELESTE WESTBY AND THOR WESTBY FOR UP TO TEN HOURS EACH
Case No.: 5:14-cv-01800-BLF**

**TABLE OF CONTENTS**

**PAGE NO.**

I. INTRODUCTION ................................................................................................................. 1

II. FACTUAL BACKGROUND ............................................................................................... 1

III. ARGUMENT ........................................................................................................................ 3

    A. Defendants' Motion Fails to Establish Good Cause for the Requested Extensions ................................................................................................................. 3

        1. The Parties Have Already Have the Benefit of Plaintiffs' Prior Depositions ................................................................................................. 3

        2. Plaintiffs' Testimony Is Not Complex ......................................................... 4

        3. The Presence of Three Sets of Counsel Does Not Merit Additional Time ............................................................................................................ 5

    B. Defendants' Motion Is Premature ........................................................................... 6

IV. CONCLUSION ..................................................................................................................... 6

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**OPPOSITION TO DEFENDANTS' JOINT MOTION TO DEPOSE PLAINTIFFS CELESTE WESTBY AND THOR WESTBY FOR UP TO TEN HOURS EACH**
**Case No.: 5:14-cv-01800-BLF**

i

# TABLE OF AUTHORITIES

**PAGE NO.**

**Cases**

*Malec v. Trustees of Boston College*
    208 F.R.D. 23 (D MA 2002) ...................................................................................... 6

*Roberson v. Bair*
    242 F.R.D. 130 (D DC 2007) ..................................................................................... 3

*Somerset Studios, LLC v. Sch. Specialty, Inc.*
    No. C 10-5527 MEJ, 2011 U.S. Dist. LEXIS. 103927 (N.D. Cal. 2011 ................... 6

**Statutes**

Fed. R. Civ. P. 30(d)(1) ................................................................................................ 3, 5

Fed. R. Evid. 801(d)(1) ..................................................................................................... 4

Fed. R. Evid. 804(b)(1) ..................................................................................................... 4

**Other Authorities**

Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL
    (The Rutter Group 2014) ............................................................................................ 6

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**OPPOSITION TO DEFENDANTS' JOINT MOTION TO DEPOSE PLAINTIFFS CELESTE WESTBY AND THOR WESTBY FOR UP TO TEN HOURS EACH**
**Case No.: 5:14-cv-01800-BLF**

ii

## I. INTRODUCTION

This Court should deny Defendants' joint motion for additional time to depose Plaintiffs Celeste Westby and Thor Westby because Defendants have failed to establish good cause for an exception to Federal Rule of Civil Procedure 30(d)(1)'s seven-hour limit. As justifications to extend the deposition to 10 hours, General Electric's counsel indicated that he will be taking the depositions from "scratch," despite the fact thorough depositions of Plaintiffs were taken in a parallel Texas matter related to the same incident. Furthermore, Plaintiffs' testimony is not complex enough to merit additional time as it relates to events leading to an explosion in a home, involving very little documentation created or produced by the Plaintiffs themselves. Also, although the injuries of one of the Plaintiffs are significant, the questioning on the topic of damages is universal to all defendants and can be administered effectively, if coordinated, by one attorney. Finally, Defendants' motion is premature, requiring the Court to rule in a vacuum, without evaluating if in fact more time for questioning is warranted. For the reasons set forth below, the motion to extend the depositions to an additional three hours each should be denied.

## II. FACTUAL BACKGROUND

This action arises out of a propane explosion that occurred at approximately 9:00 p.m. on February 3, 2012, at 702A Champagne Avenue, Coleville, California ("702A") in the Department of the Navy Coleville Military Family Housing Complex managed, controlled, and operated by Lincoln Housing and Camp Pendleton & Quantico Housing LLC. The explosion occurred as a result of a large build-up of propane gas in the residence that ignited upon meeting an ignition source. The explosion destroyed one half of the duplex, occupied by Plaintiffs, causing burns to Plaintiffs. The explosion also caused the death of the other duplex's occupant, Lori Hardin.

On November 20, 2013, Greg Hardin, husband of Lori Hardin, filed a complaint against Lincoln Property Company for the February 3, 2012 explosion ("*Hardin* matter"). *See* Declaration of Alexandra Hamilton ("Hamilton Decl."), ¶ 2. On January 30, 2014, Plaintiffs filed their Complaint in the County of Santa Cruz. *See Id.* at ¶ 3.

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**OPPOSITION TO DEFENDANTS' JOINT MOTION TO DEPOSE PLAINTIFFS CELESTE WESTBY AND THOR WESTBY FOR UP TO TEN HOURS EACH**
**Case No.: 5:14-cv-01800-BLF**

1

On June 20, 2014, counsel for Lincoln Property Company in the *Hardin* matter noticed the depositions of Plaintiffs Celeste and Thor Westby. *Id.* at ¶ 4, Exhibit 1. On July 9, 2014, Plaintiffs' counsel's office informed all parties in the *Westby* matter of the scheduled depositions and invited counsel to attend. *Id.* at ¶ 5. Counsel was invited to attend in person or by telephone. *Id.* at ¶¶ 5-8, Exhibits 2-4.

On July 17, 2014, Celeste Westby and Thor Westby were deposed in the *Hardin* matter. *Id.* at ¶¶ 9-11, Exhibits 5 and 6. Those present representing parties in the *Westby* litigation was Ralph A. Zappala of Lewis Brisbois Bisgaard & Smith, LLP for Defendants Lincoln Property Company and Camp Pendleton & Quantico Housing, LLC, Lynn V. Rivera of Burnham Brown for ABC Fire Extinguisher Co. Inc., Ara Jabagchourian for Cotchett, Pitre & McCarthy, LLP, for Plaintiffs, and Christopher Paulos of Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. for Plaintiffs. *Id.* The deposition of Thor Westby took approximately two hours while the deposition of Celeste Westby took approximately one hour. *Id.*

On January 30, 2015, Jim Hanlon, counsel for Defendant General Electric ("GE") and Ara Jabagchourian, counsel for Plaintiffs, met and conferred regarding ten-hours instead of seven-hours for Plaintiffs' depositions:

> Hanlon: GE wasn't obligated to attend a deposition noticed in another case, prior even to receipt of the initial disclosures. As we move through discovery, you'll see that I don't waste time on unnecessary endeavors or try to make everything as difficult or burdensome as possible. **But, I will be deposing the Plaintiffs from scratch.** (Emphasis added).

> Jabagchourian: This was the intent of having everyone notified of the depositions. Since I do not know how the depositions will be handled, I will not waste anyone's time arguing about hypothetical scenarios. However, on a read of the depositions, you will see that at least with Thor, the questions were exhaustive. **To start from scratch would not be very productive, but it is everyone's seven hours to share**. (Emphasis added).

> Hanlon: Given that we have to cover liability and damages and there are three defendants, it's very likely the Court will allow the defendants more than seven hours. . . . I'd propose up to 10 hours per witness, which would allow us to do the depos in three days.

> Jabagchourian: In all reality, it really is two defendants who have not had the opportunity to ask questions related to liability. **Questions related to damages will all be**

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

OPPOSITION TO DEFENDANTS' JOINT MOTION TO DEPOSE PLAINTIFFS CELESTE
WESTBY AND THOR WESTBY FOR UP TO TEN HOURS EACH
Case No.: 5:14-cv-01800-BLF

2

> **universal, be it one defendant or 100 defendants.** With that said, let me discuss it with my co-counsel's office to get their thoughts. (Emphasis added)

*See* Hamilton Decl., ¶¶ 12-16, Exhibit 7.

## III. ARGUMENT

### A. Defendants' Motion Fails to Establish Good Cause for the Requested Extensions

As Federal Rule of Civil Procedure 30(d)(1) states, "Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." An exception to the seven-hour rule exists "*if needed* to fairly examine the deponent." Fed. R. Civ. P. 30(d)(1) (emphasis added). Courts have found that the seven-hour limit was carefully chosen and that extensions of that limit should be the exception, not the rule. *Roberson v. Bair*, 242 F.R.D. 130, 138 (D DC 2007) (The seven-hour limit "encourages efficiency; it has been said that a writer's best friends are a deadline and a page limitation. The same may be said of lawyers conducting depositions.")

In order to exceed the seven-hour limit, a party must show "good cause." Fed. R. Civ. P. 30(d)(1) Advisory Committee Note (2000) amend. Good cause may occur when an interpreter is used, the deposition covers a long period of time, the witness is testifying using numerous or lengthy documents, the exploration of an expert's theories cannot be done in seven hours, or the case is a complex multi-party litigation. *Id.*

Defendants claim that a ten-hour deposition for both Plaintiffs is appropriate given the number of defendants, causes, and damages. However, Defendants have failed to establish good cause for a *forty-three-percent* extension of each Plaintiff's deposition.

#### 1. The Parties Have Already Have the Benefit of Plaintiffs' Prior Depositions

As discussed above, Defendants benefit from Plaintiffs' prior testimony regarding the February 3, 2012 explosion. All parties were invited to attend the July 17, 2014 depositions of Plaintiffs in person or by phone, all existing parties except for Defendant GE attended the depositions, and all parties have access to those deposition transcripts. Those depositions, which laid out Plaintiffs' observations as percipient witnesses on February 3, 2012, eliminate the need

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**OPPOSITION TO DEFENDANTS' JOINT MOTION TO DEPOSE PLAINTIFFS CELESTE WESTBY AND THOR WESTBY FOR UP TO TEN HOURS EACH**
**Case No.: 5:14-cv-01800-BLF**

3

for lengthy testimony in the present matter because Defendants are not starting out from "scratch" as they claim.

Furthermore, counsel for Defendant Lincoln Property Company deposed Plaintiffs in the July 17, 2014 depositions. Defendant Lincoln Property Company's interests in Plaintiffs' depositions in the *Hardin* matter and in the present action are almost identical since both cases arose from the exact same explosion. Therefore only Defendants GE and ABC Fire extinguisher have not had a chance to ask Plaintiffs questions as percipient witnesses to the explosion.

Finally, Defendants can employ the earlier depositions in two ways to minimize the need for ten-hour depositions. First, Defendants can use those transcripts to tailor their questions in the upcoming depositions, eliminating the need for redundant and fruitless questioning. Second, Defendants can use Plaintiffs' prior testimonies in trial. See Fed. R. Evid. 801(d)(1); 804(b)(1). Rather than seeking an extension of time, Defendants have the luxury of prior testimony on the same exact set of events and facts.

### 2. Plaintiffs' Testimony Is Not Complex

Despite Defendants' assertions, the testimony that Plaintiffs can and will provide is not complex. As percipient witnesses to the explosion and injured parties, their testimony is limited to their observations and damages. Plaintiffs cannot testify to a majority of the facts and claims alleged in the Complaint because Plaintiffs are not experts in propane and gas appliances, including propane detectors, propane systems, or gas-powered stoves. In terms of Plaintiffs' damages, Plaintiffs can explain their injuries, how they have dealt with those injuries, and what doctors have informed them about their medical conditions. Plaintiffs, who are not medical professionals, will be unable to testify regarding the basis and rationale of physician diagnoses, treatments, or prognoses beyond what their medical providers have told them.

As Defendants admit in their moving papers, "[a]t their depositions in Hardin, Plaintiffs had rather limited recall concerning events on the day of the accident that underlies this suit." Defendants' Motion, p. 6, fn. 2. It is unintelligible to contend that Plaintiffs' recollections may have significantly improved in the eight months since their original depositions to warrant new ten-hour depositions.

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

OPPOSITION TO DEFENDANTS' JOINT MOTION TO DEPOSE PLAINTIFFS CELESTE WESTBY AND THOR WESTBY FOR UP TO TEN HOURS EACH
Case No.: 5:14-cv-01800-BLF

4

Defendants provide no factual basis as to what it is they seek to gain which is new or different from what has already been testified to in the earlier deposition. Nor do they use a factual predicate required to show good cause and explain how that translates to a need for a ten hour deposition. Given the facts and the limited scope that Plaintiffs can testify about, Defendants have failed to demonstrate that ten-hour depositions are warranted.

### 3. The Presence of Three Sets of Counsel Does Not Merit Additional Time

Defendants' argument that there are four defendants represented by three sets of counsel does not merit an increase in time for questioning Plaintiffs. Although the Advisory Committee for Rule 30(d)(1) believed that the need for each party to examine the witness may warrant additional time in multi-party cases, the Committee stated that "duplicative questioning should be avoided and parties with similar interests should strive to designate one lawyer to question about areas of common interest." Fed. R. Civ. P. 30(d)(1) Advisory Committee Note (2000) amend.). As set forth above, the majority of Plaintiffs' testimonies are universal to all Defendants so designation of one attorney to conduct the majority of the questioning would accelerate the depositions.

Even though the allegations against each Defendant differ, Plaintiffs cannot provide testimony to those dissimilar facts. The allegations against Defendant GE are based on claims of product defect. The basis of evidence for this claim will not stem from Plaintiffs themselves, but rather through the experts that put forth after the close of fact discovery. The claims against Defendant ABC Fire Extinguisher arise from its work on the fire suppression system in Plaintiffs' home, all of which is alleged to have occurred outside of Plaintiffs' perception. Finally, Defendants Camp Pendleton and Lincoln Property Company's interests are identical as it relates to testimony from the Plaintiffs, as the claim against Lincoln Property Company is one of alter ego, making it derivative of the facts they were questioned on in the *Hardin* matter.

Adherence to the seven-hour rule requires Defendants to efficiently and effectively depose Plaintiffs without duplicative and cumulative questioning by each counsel. Defendants have failed to provide justification for an extension of time.

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**OPPOSITION TO DEFENDANTS' JOINT MOTION TO DEPOSE PLAINTIFFS CELESTE WESTBY AND THOR WESTBY FOR UP TO TEN HOURS EACH**
**Case No.: 5:14-cv-01800-BLF**

5

### B. Defendants' Motion Is Premature

Defendants seek to place the cart before the horse. Courts have ruled that parties must exhaust the promulgated seven-hour limit before seeking additional deposition time. *See* Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL (The Rutter Group 2014) ¶ 11:1522. As Chief United States Magistrate Judge Maria-Elena James in the Northern District of California stated in denying a Defendant's request for additional time, "'the better practice is for the deposition to go forward to determine how much is able to be covered in the seven hours and, then, if additional time is needed, for counsel to stipulate to extend the deposition for a specific additional time period.'" *Somerset Studios, LLC v. Sch. Specialty, Inc.*, No. C 10-5527 MEJ, 2011 U.S. Dist. LEXIS. 103927 at *14 (N.D. Cal. 2011) (quoting *Malec v. Trustees of Boston College*, 208 F.R.D. 23, 24 (D MA 2002)).

Ultimately, Defendants are requesting that this Court, without any record of questions and answers, speculate as to the need for additional time. As Defendants have failed to demonstrate good cause, Defendants' argument that the Court should grant an exception to Rule 30(d)(1) based off the possibility of future inconvenience is superfluous. Defendant cannot circumvent the hurdle for an exception to 30(d)(1) on a mere possibility. Until it becomes known whether there is good cause to allow additional time (or, for that matter, whether Defendants even need more time based on the limited scope that Plaintiffs' can actually testify to), Defendants' motion should be denied.

### IV. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court deny Defendants' motion for additional time to depose Plaintiffs.

Dated: February 27, 2015           **COTCHETT, PITRE & McCARTHY, LLP**

By:    */s/ Alexandra A. Hamilton*
       ALEXANDRA A. HAMILTON
       *Attorneys for Plaintiff*

LAW OFFICES
COTCHETT, PITRE & McCARTHY, LLP

**OPPOSITION TO DEFENDANTS' JOINT MOTION TO DEPOSE PLAINTIFFS CELESTE WESTBY AND THOR WESTBY FOR UP TO TEN HOURS EACH**
**Case No.: 5:14-cv-01800-BLF**

6

# PROOF OF SERVICE

I am employed in the County of San Mateo; I am over the age of 18 years and not a party to the within cause. My business address is the Law Offices of Cotchett, Pitre & McCarthy, LLP, San Francisco Airport Office Center, 840 Malcolm Road, Suite 200, Burlingame, California, 94010. On this day, I served the following document(s) in the manner described below:

**OPPOSITION TO DEFENDANTS' JOINT MOTION TO DEPOSE PLAINTIFFS CELESTE WESTBY AND THOR WESTBY FOR UP TO TEN HOURS EACH**

✘ **VIA E-MAIL:** Through e-mail address rmanuel@cpmlegal.com. I am readily familiar with this firm's practice for causing documents to be served by e-mail. Following that practice, I caused the aforementioned document(s) to be emailed to the addressee(s) specified below.

**SEE SERVICE LIST**

✘ **VIA ECF:** I caused the aforementioned documents to be filed via the Electronic Case Filing (ECF) system in the United States District Court for the Northern District of California, on all parties registered for e-filing in MDL 2497. Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the documents upon confirmation of e-filing.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed at Burlingame, California, on February 27, 2015.

                                                     */s/ Alexandra A. Hamilton*
                                                    ALEXANDA A. HAMILTON

**PROOF OF SERVICE;**
**CASE NO.: 14-CV-01800-BLF**

| | |
|---|---|
| 1 | **SERVICE LIST** |

| | |
|---|---|
| *VIA ECF and E-MAIL*<br>Christopher G. Paulos<br>**LEVIN, PAPANTONIO, THOMAS,**<br>**MITCHELL, RAFFERTY & PROCTOR, P.A.**<br>316 South Baylen Street, Suite 600<br>Pensacola, FL 32502<br>Tel: (850) 435-7000<br>Fax: (850) 435-7020<br>Email: cpaulos@levinlaw.com | **CO-COUNSEL FOR PLAINTIFFS** |
| *VIA ECF and E-MAIL*<br>James M. Hanlon, Jr.<br>**GLYNN & FINLEY, LLP**<br>One Walnut Creek Center<br>100 Pringle Avenue, Suite 500<br>Walnut Creek, CA 94596<br>Tel: (925) 210-2800<br>Fax: (925) 945-1975<br>Email: jhanlon@glynnfinley.com | **COUNSEL FOR DEFENDANT**<br><br>**GENERAL ELECTRIC COMPANY** |
| *VIA ECF and E-MAIL*<br>Duane C. Musfelt<br>Shahram Nassi<br>**LEWIS BRISBOIS BISGAARD & SMITH LLP**<br>333 Bush Street, Suite 1100<br>San Francisco, CA 94104<br>Tel: (415) 362-2580<br>Fax: (415) 434-0882<br>Email: Duane.Musfelt@lewisbrisbois.com<br>Email: Shahram.Nassi@lewisbrisbois.com | **COUNSEL FOR DEFENDANTS**<br><br>**LINCOLN PROPERTY COMPANY, A CORPORATION D/B/A LINCOLN MILITARY HOUSING; and CAMP PENDLETON & QUANTICO HOUSING, LLC** |

| | |
|---|---|
| *VIA ECF and E-MAIL*<br>David Scott Wilgus<br>Richard Finn<br>Brian R. Thompson<br>Charles Anthony Alfonzo<br>**BURNHAM BROWN**<br>1901 Harrison Street, 11th Floor<br>Oakland, CA 94612<br>Tel: (510) 444-6800<br>Fax: (510) 835-6666<br>Email: dwilgus@burnhambrown.com<br>Email: rfinn@burnhambrown.com<br>Email: bthompson@burnhambrown.com<br>Email: calfonzo@burnhambrown.com | **COUNSEL FOR DEFENDANT ABC FIRE EXTINGUISHER COMPANY, INC.** |

**PROOF OF SERVICE;**
**CASE NO.: 14-CV-01800-BLF**