# EXHIBIT 7

# Ara Jabagchourian

**From:** Ara Jabagchourian
**Sent:** Friday, January 30, 2015 1:39 PM
**To:** 'Jim Hanlon'
**Subject:** RE: Westby

In all reality, it really is two defendants who have not had the opportunity to ask questions related to liability. Questions related to damages will all be universal, be it one defendant or 100 defendants. With that said, let me discuss it with my co-counsel's office to get their thoughts.

Ara J

**From:** Jim Hanlon [mailto:jhanlon@glynnfinley.com]
**Sent:** Friday, January 30, 2015 1:26 PM
**To:** Ara Jabagchourian
**Subject:** RE: Westby

I've read the transcripts. If these are going to be in Fargo (or somewhere else outside northern California), we should talk about timing too. Given that we have to cover liability and damages and there are three defendants, it's very likely the Court will allow the defendants more than seven hours. I'd rather we just agree and have a plan going in, but if Plaintiffs won't agree beforehand, then we should get some guidance on that too.

Again, I'm not trying to be difficult. If I was the only defendant, I might be able to get these depos done in seven hours. But, I'm not and I don't control the others. And I've not seen them in action.

I'd propose up to 10 hours per witness, which would allow us to do the depos in three days. If that were okay with Plaintiffs, I'd take on selling it to the other defendants. Perhaps we can get them done in seven hours or less, but it's better to have the timing settled, lest we end up making two trips to Fargo.

James M. Hanlon, Jr., Esq.
Glynn & Finley, LLP
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
(925) 210-2810
Fax: (925) 945-1975
e-mail: jhanlon@glynnfinley.com
http: www.glynnfinley.com

****************************
CONFIDENTIAL
****************************
This electronic message contains confidential and privileged information from the law office of Glynn & Finley, LLP. The information is intended for the sole use of the individual or individuals named above. If you have received this message and you are not named above, please be aware that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this electronic message in error, please contact us immediately at (925) 210-2800.

**From:** Ara Jabagchourian [mailto:AJabagchourian@cpmlegal.com]
**Sent:** Friday, January 30, 2015 1:15 PM

1

**To:** Jim Hanlon
**Subject:** RE: Westby

This was the intent of having everyone notified of the depositions. Since I do not know how the depositions will be handled, I will not waste anyone's time arguing about hypothetical scenarios. However, on a read of the depositions, you will see that at least with Thor, the questions were exhaustive. <u>To start from scratch would not be very productive, but it is everyone's seven hours to share.</u>

**From:** Jim Hanlon [mailto:jhanlon@glynnfinley.com]
**Sent:** Friday, January 30, 2015 12:08 PM
**To:** Ara Jabagchourian
**Subject:** RE: Westby

Ara, I thought I'd address your last comment directly, rather than with everyone copied. GE didn't attend the prior depositions, nor was it under any obligation to do so. Here's a timeline of some pertinent dates:

| | |
|---|---|
| 7/14 | Initial disclosures served |
| 7/17 | Westbys deposed for purposes of *Hardin* in Fargo |
| 7/31 | Parties file Joint Case Management Statement |
| 8/7 | Case Management Conference and Order issues |

GE wasn't obligated to attend a deposition noticed in another case, prior even to receipt of the initial disclosures. As we move through discovery, you'll see that I don't waste time on unnecessary endeavors or try to make everything as difficult or burdensome as possible. But, <u>I will be deposing the Plaintiffs from scratch</u>. I hope we don't need to have motion practice, but please let me know if that will be necessary, so we can get it teed up with Magistrate Judge. It's in everyone's interest to have the scope of the deposition resolved before we sit down with your clients.

Glad to discuss further, if you'd like.

Jim

James M. Hanlon, Jr., Esq.
Glynn & Finley, LLP
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
(925) 210-2810
Fax: (925) 945-1975
e-mail: jhanlon@glynnfinley.com
http: www.glynnfinley.com

***************************
CONFIDENTIAL
***************************
This electronic message contains confidential and privileged information from the law office of Glynn & Finley, LLP. The information is intended for the sole use of the individual or individuals named above. If you have received this message and you are not named above, please be aware that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this electronic message in error, please contact us immediately at (925) 210-2800.

**From:** Ara Jabagchourian [mailto:AJabagchourian@cpmlegal.com]
**Sent:** Friday, January 30, 2015 11:52 AM
**To:** Jim Hanlon
**Cc:** Alexandra Hamilton; Wendy Lynn; Musfelt, Duane; Nassi, Shahram; 'Richard Finn'; 'Brian R. Thompson';

cpaulos@levinlaw.com
**Subject:** RE: Westby

I have yet to read through these depositions, but by not being able to cross examine these folks, it is going to serve as a problem, especially if the intent is to use these deposition at trial in lieu of having them appear at trial.

I will inquire about the dates of the depositions of my clients. I trust that the same areas will not be covered in the depositions already inquired of them, as all parties were notified about their respective depositions.

**From:** Jim Hanlon [mailto:jhanlon@glynnfinley.com]
**Sent:** Friday, January 30, 2015 11:40 AM
**To:** Ara Jabagchourian
**Cc:** Alexandra Hamilton; Wendy Lynn; Musfelt, Duane; Nassi, Shahram; 'Richard Finn'; 'Brian R. Thompson'
**Subject:** Westby

Ara,

As you know, several witnesses potentially pertinent to the *Westby* case already were deposed by counsel in the *Hardin* case. Some of the defense lawyers are considering whether our clients could stipulate that the depositions in *Hardin* may be used in *Westby* as though they were taken in this case. I know that GE hasn't yet decided that issue, but since it would require a stipulation from all parties, I want to raise the issue with you now.

Here are the deponents from *Hardin* under consideration for potential stipulation:

Lieutenant Commander Michael A. Taylor (taken 6/23/14 in Virginia Beach, VA)
Elaine M. Taylor (taken 6/23/14 in Virginia Beach, VA)
Steven Head (taken 6/12/14 in Gardnerville, NV)
Summer Hansen (taken 6/12/14 in Gardnerville, NV)
Greg Hardin (taken 7/12/14 in Houston, TX)

If you know that Plaintiffs will not stipulate to the use of any or all of these prior depositions, please let me know right away. Given the diverse locations, we'll need to get moving on logistics if we're to depose these witnesses prior to the April cut-off.

Also, please let me know of dates in the first half of March when Mr. and Mrs. Westby will be available for deposition. We need to get those set, just in case we need any follow-up dates prior to the close of fact discovery on April 17.

Thanks,

Jim

James M. Hanlon, Jr., Esq.
Glynn & Finley, LLP
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
(925) 210-2810
Fax: (925) 945-1975
e-mail: jhanlon@glynnfinley.com
http: www.glynnfinley.com

***************************

CONFIDENTIAL
****************************

This electronic message contains confidential and privileged information from the law office of Glynn & Finley, LLP. The information is intended for the sole use of the individual or individuals named above. If you have received this message and you are not named above, please be aware that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this electronic message in error, please contact us immediately at (925) 210-2800.